## Louisville Taxicab & Transfer Co. v. Swift.

February 17, 1948.

B. H. Farnsley, Judge.

Robert L. Page and Albert F. Reutlinger for appellant.

Ropke, Goldstein, Lampe & Poynter for appellee.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

Cecil Swift, the appellee, sued one N. O. Story and Louisville Taxicab and Transfer Company, the appellant, in joint action for personal injury damages. The jury returned a verdict in favor of Story but against the company. Upon rendition of a judgment for $459 against the company, the latter moved for this appeal.

As one of the grounds for reversal of this judgment, it is asserted that the trial court should have directed a verdict for appellant, since all the evidence on this trial tended to show that there was no legal cause of action against the cab company resulting from the mishap now under consideration.

Accepting evidence most favorable to Swift, we find that on this occasion he started, while the traffic light favored him, walking southwardly across Louisville's Broadway, where it is intersected by 15th Street and where it has six traffic lanes running east and west; that there were standing at this intersection and in Broadway's three eastbound traffic lanes three eastbound automobiles, all waiting for a change of the traffic light; that the automobile in the median eastbound lane was appellant's cab; that there was a fourth automobile, owned and operated by Story, likewise waiting for the traffic light but located second in line in the southernmost, eastbound lane; that Swift, knowing it was against the rules of the cab company to receive passengers out in the traffic lanes of a street, nevertheless walked around the right side of the cab and boarded it; that he and the cab driver both opened the door at the same time; that the traffic light changed about the time Swift got in the cab; that traffic then resumed its flow and that Story proceeded to pass the cab while the cab was likewise moving ahead; that the Story car, in overtaking and passing the cab, "sideswiped" its partially open door and thus fractured a bone in Swift's leg by the impact of the door against his leg.

It may be assumed that Swift, by his own testimony at least, proved some elements of negligent conduct on the part of the cab driver, which elements arose from the events immediately preceding this injury. But in the course of establishing these elements, Swift seems to have convicted himself of some negligence on his own part which contributed to the result. And the Swift negligence was so fundamental that, except for its concurrence, the final result would have been different for all parties concerned. Swift knew that the Broadway traffic light would change momentarily. He knew that the swirling traffic would soon engulf him if he tarried there in the deadly channel of its changing tide. He knew that the cars were lined up and waiting to hurry along the way. He knew that cabs, in the interest of public safety, had rules against opening their doors out in the no man's land of the vehicular battlefield furnished by a busy metropolitan thoroughfare. Yet, Swift, in his purpose of boarding this cab, left the pedestrian safety lane, discontinued his previous progress toward

sidewalk security, took sufficient time to pass between cars and to open the cab door but somehow took insufficient time to close the door quickly behind his complete entrance. All of this constituted, as we see it, contributory negligence, in the exclusion of which there would necessarily have been exclusion of Swift's injury.

Contributory negligence means some act or omission amounting to a want of ordinary care, chargeable against an injured party, which act or omission in concurrence with something similar on the part of his legal opponent has produced the proximate cause of the injury in litigation. Codell Construction Co. v. Steele, 247 Ky. 173, 56 S. W. 2d 955.

A person must exercise ordinary care for his own safety, and where it is ascertainable that an injury may result from a certain course of action and yet the person so ascertaining nevertheless goes ahead and pursues that course of action, such conduct constitutes assumption of risk or contributory negligence, the one being equivalent to the other under such circumstances. Poole v. Lutz & Schmidt, 273 Ky. 586, 117 S. W. 2d 575.

One who voluntarily subjects himself to peril known to him or generally observable by a person of ordinary prudence in a similar situation cannot recover damages sustained thereby. Waddel's Adm'r v. Brashear, 257 Ky. 390, 78 S. W. 2d 31, 98 A. L. R. 553.

Contributory negligence necessarily implies a fundamental negligence on the part of the opponent of the contributing neglecter. Ward v. Marshall, 293 Ky. 18, 168 S. W. 2d 348.

Thus, it appears that *contributory negligence* has three characteristics making it recognizable in the halls of established jurisprudence. First, it always carries a yoke, since it is consistently joined up with a fellow traveler called ordinary negligence but springing from another source. Second, it always looks a little simple, since it is something devoid of ordinary prudence. Third, it always carries the marks of its own participation in the very outbreak that has produced all the trouble at hand.

Without recourse to our sympathy for Swift in relation to his loss resulting from this misfortune, we must

apply what we believe to be the prevailing law of contributory negligence in a case of this kind. It seems apparent that Swift knew the risk involved and that he decided to assume it. In doing so he made himself a contributing neglecter, one arrayed against common prudence, one carrying fuel to help feed the very flames that later injured his own welfare. Under the evidence' as presented on this trial, the court should have directed a verdict for the cab company. Failure to do so was reversible error.

Wherefore, the motion for an appeal is sustained and appellee's judgment is, for the reason herein indicated, hereby reversed with directions for further proceedings consistent herewith.