## Geller v. Geller.

December 15, 1950.

R. L. Maddox, Judge.

292

Henry L. Bryant, for appellant.

E. B. Wilson, for appellee.

CLAY, COMMISSIONER—Affirming.

Appellee was riding in the back seat of an automobile when it turned over on a highway near Pineville. Appellant, her brother-in-law, was driving. Appellee recovered $5,000 damages against him for personal injuries and expenses.

On this appeal appellant's principal contention is that he was entitled to a directed verdict because: (1) appellee assumed the risk of injury; and (2) there was no proof of negligence.

Appellant and appellee were on most friendly terms, and had made many trips together with other members of their families. This particular trip was from Pineville to Louisville for the purpose of a visit to appellee's son, and the wreck occurred six miles out of Pineville.

Appellee testified: "When we came to Pineville it began raining a little bit like Fall rains, sprinkling it didn't amount to postpone our trip; when we got there it was kind of slick, it was awfully slick."

She was sitting in the back seat and did not know exactly how the accident happened. She stated that the car was traveling no faster than 35 or 40 miles an hour as it approached a curve in the road. Concerning the

accident, she stated: "Well, I don't know, he (appellant) might have turned a little fast on the curve and the road was slick, maybe that happened, and the car turned over."

Appellant did not testify, and there was no other evidence of value concerning the cause of the wreck.

Appellant's first contention is that appellee assumed the risk of injury on this trip because she was a member of a party with a more or less common purpose, and because she was fully aware of the road and weather conditions, and she knew the driver intended to make a fast trip. We do not think the evidence supports the latter statement, but we do not consider it significant.

Appellant has cited and quoted from a number of cases where it has been held that an injured party, because of participation in some dangerous activity with an appreciation of the danger, has been denied recovery because the risk of injury was assumed. The rule, as stated in Porter v. Cornett, 306 Ky. 25, at page 29, 206 S. W. 2d 83 at page 85, is that the doctrine of assumption of risk denies: "the right of recovery where the injured person with knowledge of a dangerous situation voluntarily places himself in a position where he takes the chance of being hurt."

In Louisville Taxicab & Transfer Co. v. Swift, 306 Ky. 618, at page 620, 208 S. W. 2d 944, at page 945, the principle is thus stated: "One who voluntarily subjects himself to peril known to him or generally observable by a person of ordinary prudence in a similar situation cannot recover damages sustained thereby."

It is clear the doctrine only applies where: (1) a perilous situation exists, and (2) the plaintiff has, or should have, knowledge of such situation. Appellant's theory in this case breaks down on both counts.

Rain does not create a particular peril to the motorist. It may require him to exercise more care in driving, but it does not constitute an unusual hazard. Even if it did, appellee testified appellant was a "wonderful driver," and therefore she had complete trust in him. If it could be said that rain on the road creates a dangerous situation encompassed by the assumption of risk doctrine, there is no showing in this case that such

danger was, or should have been, appreciated by appellee. Therefore appellant may not avail himself of this defense.

The next question is whether or not there was sufficient evidence of appellant's negligence to submit the question to the jury. The manner in which this accident occurred is not at all clear. Appellee's testimony suggests appellant lost control of the car because it skidded while rounding a curve on a wet pavement. Assuming this happened, is this incident itself sufficient proof of negligence to make out a case for submission to the jury, where the defendant fails to introduce evidence showing a different cause or otherwise explaining it?

We have squarely presented the question of whether or not in this type of case the plaintiff may invoke the doctrine of res ipsa loquitur. Appellant contends the mere skidding of an automobile does not itself prove negligence, and cites cases which seem to deny the applicability of the doctrine. Upon careful examination, we do not think they may be so construed. In Tente v. Jaglowicz, 241 Ky. 720, 44 S. W. 2d 845, the jury returned a verdict for the defendant whose automobile had skidded on an icy road and struck another vehicle in which the plaintiff was riding. We recognized an inference of negligence was raised in the case, but held that such inference was rebutted by showing the condition of the street. The decision laid down the rule that the operator of a vehicle which skids on an icy street is not *necessarily* negligent *as a matter of law.*

In O'Neil & Hearne v. Bray's Adm'x, 262 Ky. 377, 90 S. W. 2d 353, 354, an ambulance skidded on a wet road. The plaintiff specifically alleged that the defendant's employee had operated the vehicle "at an exceedingly high and dangerous rate of speed." While it was stated in the opinion that the res ipsa loquitur doctrine was not applicable in a skidding case, there was no reason to apply it under the circumstances in view of the specific allegation of negligence.

In Atlantic Greyhound Corporation v. Franklin, 301 Ky. 867, 192 S. W. 2d 753, a passenger on the bus was injured when it skidded on an icy street. We held that an automobile may skid on a slippery highway without negligence on the part of the operator, which

of course is true. We further held that where the evidence conclusively showed the operator was not guilty of negligence and the sole cause of the accident was the slippery condition of the street, a jury could not infer negligence from the mere fact of skidding.

Our attention has been called to annotations in 5 A. L. R. 1240, 12 A. L. R. 668, 93 A. L. R. 1117, and 113 A. L. R. 1014. The headnote to those annotations states that the mere fact of skidding does not itself constitute such evidence of negligence as to render the res ipsa loquitur doctrine applicable. We do not think the cases discussed in those notes clearly establish such rule, and some of them specifically hold otherwise. Other cited cases lay down the principle that the skidding of an automobile is not *conclusive* evidence of negligence. In still others, as in our own cases above discussed, it appeared that the evidence conclusively rebutted the inference of negligence.

In actions of this sort confusion often arises in considering the doctrine of res ipsa loquitur as a rule of liability rather than a rule of evidence which raises a presumption in the plaintiff's favor and shifts to the defendant the burden of going forward with proof. We have recently had occasion to re-examine the subject in Lewis v. Wolk, 312 Ky. 536, 228 S. W. 2d 432. Therein we pointed out that the principle is applicable where the circumstances, according to common knowledge and experience, create a clear inference that the accident would not have happened if the defendant had not been negligent. The rule does not raise a conclusive presumption, but it does require the defendant to explain the occurrence if he would avoid liability.

We can see no difference between a skidding case and one where an automobile goes off the highway for some other reason not attributable to a collision. Such was Schechter v. Hann, 305 Ky. 794, 205 S. W. 2d 690. Plaintiff was a passenger in defendant's automobile when it left the traveled portion of a street in Louisville and struck a utility pole. The defendant undertook to explain the accident as having been caused by the breaking of a front spring. Apparently the plaintiff presented no evidence showing any specific act of negligence on the part of the defendant. We there applied the doctrine of res ipsa loquitur, and held that the case

was properly submitted to the jury because the mere happening of the event raised the presumption that it was caused by the negligence of the defendant.

The case before us is identical in principle. While it is not negligence to operate a motor vehicle on a wet or slippery highway, in the ordinary course of events the motorist is bound to exercise greater caution. To our common knowledge, a skidding of such proportions as to overturn or wreck a vehicle, or cause personal injuries or property damage to others, does not normally happen if the operator is exercising reasonable care. Therefore, an inference of negligence arises upon proof of the occurrence.

Any other rule in such a case as this would be a harsh one indeed. The plaintiff, a passenger on the back seat, would ordinarily not know what caused this type of accident. That fact is peculiarly within the knowledge of the operator of the vehicle who has control of the instrumentality. While the burden is on the plaintiff to prove negligence, the nature of the incident strongly suggests the want of care. The circumstances of the accident itself are sufficient to support a jury finding of negligence. Consequently, appellant was not entitled to a directed verdict.

Appellant raises some question regarding two offered instructions which the Court refused to give. We think the foregoing discussion of the principal points raised clearly demonstrates that these offered instructions should not have been given, and the Court did not commit error in this respect.

The judgment is affirmed.