## MORBURGER v. ECK MILLER CONTRACT CO.

Court of Appeals of Kentucky.
June 19, 1951.

Nathan B. Cooper, Woodward, Bartlett, Hobson & McCarroll, all of Owensboro, for appellant.

Byron, Sandidge & Holbrook, Owensboro, for appellee.

LATIMER, Justice.

Appellant brought this action against appellee seeking to recover $5,000 for per-

sonal injuries. From judgment in favor of appellee, this appeal is prosecuted.

The appeal deals only with Instruction 5, which reads:

"5. The Court instructs the jury that at the time, place and on the occasion referred to in the evidence it was the duty of the plaintiff, Charles Morburger, to exercise ordinary care for his own safety and that duty included the following duties:

"(a) To keep himself a reasonably safe distance from the immediate vicinity of the unloading operation referred to in the evidence during the progress of such operation;

"(b) To keep a careful watch upon the progress of said operation, if such reasonably appeared to be necessary or advisable as a precaution against possible injury to himself;

"(c) To heed any warnings as to the dangerousness of his situation, if any such warnings were given him, and if he had reasonable opportunity to respond thereto.

"If you believe from the evidence that plaintiff, Charles Morburger, negligently failed to perform any one or more of said duties and that but for such failure, if any, he would not have been injured, then you will find for the defendant, Eck Miller Contract Company."

Appellant contends that each of the paragraphs (a), (b) and (c) are erroneous.

It becomes necessary to look briefly at the facts. Appellant is engaged in the oil business and is operating what is known as the E. B. Anderson lease in Daviess County. He contracted with appellee, a common carrier of freight, to deliver to him on that lease certain equipment. Appellee loaded the equipment in Henderson County and brought it to the Anderson lease. Appellant, upon the arrival of this truck for unloading or soon thereafter, appeared on the scene apparently for observation and inspection of equipment. While engaged in examining a damaged bailer which had been unloaded, appellant was struck by another piece of equipment which was being unloaded and was thereby injured, which occasioned this action.

It appears to be the contention of appellant that he was injured because appellee did not operate its unloading equipment in the usual and customary manner and but for that negligence appellant would not have been injured.

It is contended that Instruction 5, paragraph (a) was tantamount to a directed verdict in favor of appellee. It is said in brief, "It is self evident and axiomatic that if Morburger had kept himself a safe distance from the unloading operation he could not have been hurt. The fact that he was hurt shows of itself that he was not a safe distance from the point of operation. Therefore, to the jury the instruction merely meant that since Morburger did not keep himself a reasonably safe distance from the unloading operation it could not find for him."

It is insisted that (a) made appellant the insurer of his own safety by imposing upon him the absolute duty to "keep himself a reasonably safe distance from the immediate vicinity of the unloading operation" when the law only required him to exercise ordinary care so to do.

Appellee takes the position that the instruction does not impose such absolute duty but falls within the line of instructions generally involving similar facts and situations.

The first impression is that there is merit in appellant's position. But upon more serious reflection, a contrary view results. It is to be noted that in Instruction 5 immediately preceding the included duties it was set out that it was the duty of plaintiff, Charles Morburger, to exercise ordinary care for his own safety, which duty included the following duties, namely (a), (b) and (c) above.

It is impossible to separate the duty of watching out for his own safety from the duty to keep himself a reasonably safe distance from the immediate vicinity of the unloading operation. It will be noted that the exercise of ordinary care for his own safety included the duties imposed by (a), (b) and (c). The duties imposed by (a), (b) and (c) relate to acts for his own

safety and the charge was to exercise ordinary care for that safety.

Following the (a), (b) and (c) above it was charged that if the jury believe that Morburger negligently failed to perform any one or more of said duties, and that but for such failure, if any, he would not have been injured, then they should find for defendant. Again we state these duties were included in the duty to exercise ordinary care for his own safety. Thus it is seen that the instruction taken in its entirety, means that if Morburger negligently failed, that is failed to use ordinary care in the performance of one or more of those duties, which are duties included in the one paramount duty to exercise ordinary care in watching out for his own safety, and that, but for which failure he would not have been injured, the jury should find for defendant.

Since the included duties are involved in the paramount duty to exercise ordinary care for safety, it follows that these subdivisions of the instruction must be considered as a part of each other and together. Appellant insists that the language of the instruction in effect is a direction to find for defendant, because as a matter of fact since he was hit and injured, it is conclusive that he was not a safe distance away. However, under the instruction, the point is whether or not he exercised ordinary care in attempting to keep a safe distance away.

On the other hand the jury could have found that he was in a reasonably safe place, not because of where he was, but because of reliance upon the fact that operations were at a "standstill" and not in progress when he placed himself in this position. It can not then be said that the instruction set out an inapplicable principle.

It appears to us that the instruction was in harmony with the previous decisions of this court in that it informed the jury that it was the duty of the plaintiff to exercise ordinary care for his own safety, followed by the inclusion in the general duty certain specific duties. This form has been approved by this Court in numerous cases. See Stanley's Instructions to Juries,

also Kentucky Utilities Co. v. Black's Administratrix, 244 Ky. 562, 51 S.W.2d 905; New York Indemnity Co. v. Ewen, 221 Ky. 114, 298 S.W. 182; Cumberland Railroad Co. v. Girdner, 174 Ky. 761, 192 S.W. 873; Porter v. Cornett, 306 Ky. 25, 206 S.W. 2d 83; Poole v. Lutz and Schmidt, Inc., 273 Ky. 586, 117 S.W.2d 575; Louisville Taxicab and Transfer Co. v. Swift, 306 Ky. 618, 208 S.W.2d 944; Waddel's Administrator v. Brashear, 257 Ky. 390, 78 S.W.2d 31, 98 A.L.R. 553; Wallis v. Illinois Central Railroad Co., 247 Ky. 70, 56 S.W.2d 715; Crouch v. Noland, 238 Ky. 575, 38 S.W.2d 471.

Subsection (b) required Morburger to keep a careful watch upon the progress of the operation, "if such reasonably appeared to be necessary or advisable as a precaution against possible injury to himself." It is axiomatic that it was the duty of Morburger to use his senses of sight and hearing. See Price v. T. P. Taylor & Co., Inc., 302 Ky. 736, 196 S.W.2d 312; 38 Am.Juris., Negligence, page 865 through 870.

Subsection (c) merely required Morburger "to heed any warnings as to the dangerousness of his situation, if any such warnings were given him, and if he had reasonable opportunity to respond thereto." No inconsistency exists between subsection (a), (b) and (c). Obviously, Morburger owed the duty of heeding any warnings given to him if he had reasonable opportunity so to do. While Morburger denies the fact that he had warning, we can not overlook the fact that there is testimony herein that warning was given.

Instruction 5 as given appears to us to be calculated to determine with reasonable accuracy the substantial rights of the parties. An inspection of the evidence satisfies us that the instructions were based properly upon the evidence.

We think the instruction not to be ideal for clarity. However, we cannot agree with appellant's, more or less, technical interpretation of it.

There appears no convincing reason for reversal.

The judgment is affirmed.