**ROBINSON v. BYBEE.**

Court of Appeals of Kentucky.

June 25, 1954.

Rehearing Denied Nov. 12, 1954.

Richardson & Barrickman, Glasgow, for appellant.

Richard L. Garnett, Glasgow, for appellee.

CAMMACK, Justice.

This is an appeal from a $7,000 judgment in favor of Charles Bybee, plaintiff below, for injuries he received when the truck in which he was riding slipped off a highway being resurfaced by the appellant, Robert M. Robinson. Robinson had a contract with the Highway Department for the resurfacing job. The chief ground relied on by Robinson for reversal is that he was entitled to a peremptory instruction because Bybee was guilty of contributory negligence as a matter of law. Since we agree with this contention, we shall confine our consideration of the case to that question.

The resurfacing job covered Highway 249, which runs between Glasgow and Roseville—a distance of some six miles. Robinson had started working at the Roseville end of the project and had reached Dodd Hill, some three miles from Glasgow, at the time of the accident. The specifications prepared by the Highway Department for the job called for a "penetration type of resurfacing." It was necessary for the oil to be applied to the full width of the road as the resurfacing was done; that is, from side to side. Under the Highway Department's directions large signs were placed at each end of the project. These signs read:

"Road Under Construction
For Your Future Safety And Comfort
Proceed Carefully
Contractor—Robert M. Robertson
Kentucky Department of Highways"

On the sign toward Glasgow there was placed at the top of the big sign an additional sign, reading, "Danger—Fresh Oil." At the place where actual road construction was under way there were additional signs saying, "Danger—Slow." One of these signs was at the top of Roseville Hill and the other was on Dodd Hill, facing toward Glasgow.

Bybee was operating a bulldozer on a farm about four miles from Glasgow on the Roseville Road. He stayed in Glasgow. In going to and from his work he traveled over the highway under repair. The owners of the bulldozer furnished Bybee with a snub-nosed truck which he used in connection with his work. Bybee had traveled over the highway where the resurfacing was being done at least three times prior to the day of the accident. He was familiar with the "Caution" signs near Glasgow. Furthermore, since the resurfacing work had been begun at the Roseville end of the road, he was familiar with the type of resurfacing being done.

On the day of the accident Robinson had oiled at least a part of Dodd Hill late in the afternoon. He said it was his practice to place oil on the road where resurfacing was under way late in the afternoon because there was less traffic on the road at that time and it would be less hazardous to the traveling public. In this connection, it should be pointed out that the Department's specifications required that the road be kept open for travel at all times.

When Bybee started back to Glasgow on the day of the accident, Donald Edwards, a 15-year old son of one of the owners of the bulldozer drove the truck back to Glasgow. When they rounded a curve and started down Dodd Hill, Edwards came upon the fresh oil. (He said that he had never driven on fresh oil before.) According to Edwards' testimony, he pressed down on the brakes and the truck began to slide. He then released the brakes and straightened up the truck. He was traveling on the left side of the road (though there is some slight conflict in the evidence on this point). He geared the truck down, but it continued to slip and slide. Bybee said Edwards, who was traveling about 20 miles per hour, applied the brakes and turned to the left and then shifted to third gear. He said that gearing the truck down was the best way to check its speed. Bybee stated also:

"A. Well, we tried to make it on down the hill. The hill was so long and so steep, kept gaining speed all the time

and before we got to the bottom of it, it started sliding this way and tried to straighten it and again turned this way and went off in a big hole."

Bybee said further that the truck traveled about 150 to 200 yards on the oil before anything happened. Bybee suffered a serious break to his right leg. He was still unable to do his regular work at the time of the trial.

Robinson was doing the reconstruction work according to the plans and specifications of the Department of Highways. The Department had a registered engineer on the project. The required signs had been placed on each end of the project and additional signs had been placed at the point where the actual reconstruction was under way. Bybee knew that the road was being reconstructed and he had traveled over a part of it while it was being reconstructed.

We think it very doubtful that any negligence was shown on the part of Robinson. But, even if it be conceded that sufficient notices were not placed at the point on Dodd Hill toward Roseville where the fresh oil began, Bybee's and Edwards' testimony shows clearly that, even after they got on the fresh oil, they kept on traveling down the hill. They made no effort to pull over to the side of the road and stop. It is true that the truck's speed was slowed and it was geared down; but it must not be overlooked that Bybee said the truck traveled some 150 to 200 yards down the hill before the accident happened.

As pointed out in Bybee v. Shanks, Ky., 253 S.W.2d 257, and Smith's Adm'r v. Smith, (Smith v. Smith), Ky., 269 S.W.2d 260, the question of contributory negligence is ordinarily one for the jury; but, if there is no controversy about the facts, and only one conclusion can be drawn fairly from the evidence, the question is one of law for the court. We think the facts of this case show clearly that Bybee was guilty of contributory negligence as a matter of law, and that a directed verdict should have been given in Robinson's favor.

Judgment reversed, with directions to set it aside, and for the entry of a verdict in favor of Robinson, if the evidence be the same on another trial.