William E. HAYNES, Appellant,

v.

CORUM & EDWARDS, Incorporated,
Appellee.

Court of Appeals of Kentucky.

Sept. 28, 1956.

Richard L. Garnett, J. Wood Vance, Jr., Marion Vance, Glasgow, for appellant.

Richardson & Barrickman, Glasgow, for appellee.

CULLEN, Commissioner.

William E. Haynes sued Corum & Edwards, Inc., road contractors, to recover damages for personal injuries sustained when Haynes' automobile collided with a road grader of the defendant company. At the close of the plaintiff's evidence the court directed a verdict for the defendant, on the ground that the evidence showed Haynes was contributorily negligent as a matter of law. Haynes has appealed from the judgment entered on the verdict, contending that the evidence created a jury issue as to contributory negligence.

The contractors were putting a blacktop surface on a gravel road in Barren County. Their procedure was to put fresh oil on the road for a distance of around 4,000 feet, and then cover the oil with gravel by use of a grader. Following this the surface was rolled. The work had commenced several days before the day of the accident, and Haynes, whose home was on the road and who travelled it frequently, testified that he was familiar with the resurfacing procedure that was being used.

For two days prior to the day of the accident, no work had been done on the road. On the morning of the accident, Haynes travelled over the road to Glasgow,

returning around noon. On this trip he observed no workmen or machinery on the road, and there was no fresh oil. That afternoon he again started over the road towards Glasgow. As he approached a point where the road curves and goes down grade, he came upon fresh oil. At this time he was going 25 or 30 miles per hour. He continued over the fresh oil for a distance of around 300 yards, without materially reducing his speed. As he rounded the curve, going down grade, he saw the road grader coming towards him, completely blocking the roadway, some 75 or 80 feet away. He applied his brakes and attempted to pull off the road to the right, but skidded 75 or 80 feet into the grader. Haynes' automobile was almost completely demolished and he sustained severe injuries.

At each end of the eight-mile stretch of road being resurfaced there was a sign stating that the road was under construction. Haynes had seen these signs. There were no warning signs at the point where the fresh oil began.

Haynes argues that he cannot be held contributorily negligent as a matter of law because he was not required to anticipate the presence of the grader around the blind curve, blocking the road, and he was not driving at an excessive speed. His contention that he was not required to anticipate the presence of the grader is based upon the facts that there had been no work done on the road for two days; there was no work being done on the road on the morning of the day of the accident; there were no warning signs at the point where the work was being done that afternoon; and the road contract required the contractor to keep the road open for traffic.

The arguments become untenable when it is considered that, regardless of the lack of activity on previous days or on the morning of the accident, and regardless of the absence of warning signs, Haynes received clear and unmistakable notice that work had been recommenced when he came upon the fresh oil. He was familiar with the work procedure and knew that the grading work would directly follow the application of the oil. He knew he was approaching a blind curve, on a down grade, and that the roadway was narrow. He did not reduce his speed so as to maintain adequate control over his automobile on the slick surface. That his speed was excessive in view of the condition of the road is evidenced by the fact that his car skidded 75 or 80 feet and then struck the grader with such force as to practically demolish the car.

We think the only conclusion reasonable minds could reach is that Haynes failed to exercise ordinary care. Under somewhat similar facts, in Robinson v. Bybee, Ky., 271 S.W.2d 873, the plaintiff was held to have been contributorily negligent as a matter of law.

The judgment is affirmed.