**Robert M. ROBINSON, Appellant,**

v.

**Charles BYBEE, Appellee.**

Court of Appeals of Kentucky.

March 8, 1957.

Richardson & Barrickman, Glasgow, for appellant.

Richard L. Garnett, Glasgow, for appellee.

CLAY, Commissioner.

This is a second appeal in a suit for personal injuries sustained by plaintiff appellee when a truck in which he was riding slipped off a highway being resurfaced by appellant defendant. The facts are fully stated in our former opinion. Robinson v. Bybee, Ky., 271 S.W.2d 873. We there reversed a judgment in favor of plaintiff, with directions to direct a verdict for defendant if the evidence was substantially the same on another trial. A new trial was had and the jury awarded plaintiff $12,400. On this appeal defendant contends the court again erred in not directing a verdict.

Plaintiff was riding in a truck being driven by a 15 year old boy, proceeding on a highway under construction. Both the driver and plaintiff had traveled this road and were aware it was under construction. In addition, they had observed signs erected by defendant warning that the road was under construction, and also another sign near the scene of the accident which stated, "Danger—Go Slow". Coming down a steep hill they encountered some fresh oil on the highway. The truck began to skid and traveled 150 to 200 yards before it ran off the side of the road, causing plaintiff's injuries. On the former appeal we held a directed verdict should have been given because the facts showed clearly the negligent operation of the truck after reaching the point where the fresh oil began.

On the last trial the testimony of the driver and the plaintiff was substantially

the same even though there were additional statements that the driver had tried to stop and was unable to pull over to the shoulder of the road. This testimony was apparently elicited for the purpose of counteracting a statement of fact made in the former opinion. There was also additional evidence with respect to the duty of defendant to erect additional signs.

Our review of the record made on the second trial convinces us that the material evidence was not sufficiently different to create a case of liability. As before, there was still a serious question as to whether or not defendant was negligent. Conceding negligence however, as we did in our former opinion, we are still confronted with the clear contributory negligence on the part of the plaintiff.

Plaintiff was fully aware that this road was under construction. He knew that oil was being used on the resurfacing job, and it was developed on the last trial that he knew this section of the road had been worked the day of the accident. In addition, he had knowledge of the sign at the top of the hill which warned: "Danger—Go Slow". Even though he may have interpreted the sign as warning of dangers other than oil on the road, he was certainly put on notice that dangerous conditions might be encountered.

It is apparent that neither the driver of the truck nor defendant were keeping a proper lookout for the condition they encountered and could have anticipated. Apparently no attempt was made to stop or slow the truck prior to striking the oil. As noted in our former opinion, the fact that the truck traveled 150 to 200 yards after reaching the oil clearly indicated that the truck was not under reasonable control.

The record in this case might well justify imputing the driver's negligence to plaintiff. Even if this may not be done, the facts show he was contributorily negligent because, with full knowledge of the possible perils to be encountered in traveling over this road, he permitted the driver to operate the truck in a negligent manner. Since he did not exercise due care for his own safety, he should not be permitted to recover from the person who created the condition in the course of proper construction work.

Our former opinion finding the defendant guilty of contributory negligence as a matter of law is still the law of the case. A verdict should have been directed for defendant, and this not having been done, his motion for judgment notwithstanding the verdict should have been sustained.

The judgment is reversed, with directions to enter judgment for defendant.