Mary B. JONES et al., Appellants,

v.

Mary CARR et al., Appellees.

Court of Appeals of Kentucky.

May 1, 1964.

As Modified on Denial of Rehearing Oct. 30, 1964.

Kenneth N. Ragland, Calhoun, John D. Miller, Owensboro, for Mary B. Jones.

William L. Wilson, Wilson & Wilson, Owensboro, for Mary Carr.

Wells T. Lovett, Lovett, Howard & Moreman, Owensboro, for Colonial Baking Co.

CLAY, Commissioner.

Appellant plaintiff Mary Jones, a passenger in an automobile driven by appellee defendant Mary Carr, was injured when the Carr automobile, skidding on an icy highway, collided with a truck. The trial court directed a verdict for all of the defendants at the conclusion of the plaintiff's evidence. The correctness of this ruling is the question before us.

The accident happened at approximately 5:30 A.M. before daylight on a wintry morning. The highway was covered with ice and snow, making driving conditions extremely hazardous. The plaintiff was riding on the back seat of the automobile operated by defendant Carr. As this automobile reached the crest of a hill it began skidding. Approximately halfway down the hill it swerved to the left hand side of the highway and there struck an oncoming truck.

The Carr automobile had skidded twice on the highway prior to the time of the accident. At the crest of the hill defendant shifted gears from high to second. She was then proceeding at a speed estimated at 20 to 25 miles an hour. Plaintiff testified the automobile "gave a jerk when she changed gears, either that or she throwed

her foot on the brakes". Plaintiff also testified that the car speeded up and the driver "either hit the accelerator or the brake one".

A police officer testified that a proper method of stopping a motor vehicle on a slick road is to "gear down" and use the brake "very lightly".

With respect to defendant Carr, we are confronted with the troublesome issue of negligence when the operator of an automobile, knowing the hazardous condition, loses control of it by skidding on a highway made slippery by natural accumulations of ice, snow or water. Our cases exhibit some degree of inconsistency attributable principally to emphasis laid upon particular factors involved.

One of the earlier cases which has been cited innumerable times is Tente v. Jaglowicz (1931), 241 Ky. 720, 44 S.W.2d 845. In that case an automobile traveling 20 or 30 miles an hour skidded on an icy street and struck another automobile in which the plaintiff was a guest. The liability of the operator of the skidding vehicle was submitted to a jury, which found for him. The contention on appeal was that the *plaintiff* was entitled to a directed verdict. The decision on this point appears in the following language (page 848 of 44 S.W. 2d):

"But *it cannot be held as a matter of law that the operator of a car is necessarily negligent when it skids or slides on an icy street*. The proper inferences from *that fact* are to be *drawn by the jury.* * * * In this case the sliding of the car was explained by the slippery condition of the street, and it was for the jury to say whether it was *superinduced* or *accelerated* by the negligence of the driver." (Our emphasis)

That decision was and still is eminently sound. The principles therein enunciated

were followed in Hunt v. Whitlock's Adm'r, (1935) 259 Ky. 286, 82 S.W.2d 364; O'Neil & Hearne v. Bray's Adm'x, (1936) 262 Ky. 377, 90 S.W.2d 353; Gilreath v. Blue & Gray Transportation Company, (1937) 269 Ky. 787, 108 S.W.2d 1002; Geller v. Geller, (1950) 314 Ky. 291, 234 S.W.2d 974; and Whitt v. Farley, (1955) Ky., 275 S.W.2d 906, 50 A.L.R.2d 990. In all of these cases the issue of negligence was submitted to the jury.

Some rather unfortunate language crept into the opinion in the Gilreath case (above cited), which was:

"It is a matter of common knowledge that an automobile may skid on a slippery road without negligence in its operation."

While our cases recognize, as a legal matter, that a jury may find the operator of a motor vehicle free of negligence when it skids on a slippery street or highway, it may be questioned that non-negligent skidding is a matter of common knowledge. The conclusion can only be reached under a specific fact situation. The implication of the statement is that skidding *ordinarily occurs without negligence,* whereas common experience suggests the opposite conclusion. This language stressed the probability of non-negligence, when the probabilities are the other way.

We believe this is demonstrable. Every year millions of motorists drive millions of automobiles over millions of miles of streets and highways made slippery by the natural accumulation of snow, ice and water without becoming involved in serious skidding accidents.[1] It is apparent that reasonably prudent drivers are able successfully to negotiate highways under these known conditions. The failure to do so would allow a fair and permissible inference of improper driving. This was specifically decided in Geller v. Geller, (1950) 314 Ky. 291, 234 S.W.2d 974.

1. We are guessing at these figures, but believe it a fair guess.

The above quoted language played its part in the decision in Risen v. Consolidated Coach Corporation, (1938) 274 Ky. 342, 118 S.W.2d 712. It was there held that the operator of a motor vehicle which commenced to skid while traveling at a speed of "less than 20 miles per hour" *as a matter of law* was *not* negligent. The opinion carries an undercurrent of thought that since the driver was not *necessarily* negligent when his motor vehicle skidded, the skidder was exempted from liability unless the plaintiff proved some additional specific act of negligence which superinduced the loss of control.

The reasoning of the Risen case was repudiated (though the case was not referred to in the opinion) in Head v. Lucas, (1950) 313 Ky. 356, 231 S.W.2d 81. In that case it was held a motorist proceeding at 20 miles an hour on an icy street *was negligent as a matter of law*.

Following the Risen case (prior to the Head case last above cited) and injecting a new and questionable legal theory, we find the case of Atlantic Greyhound Corporation v. Franklin, (1946) 301 Ky. 867, 192 S.W.2d 753. There it was held *as a matter of law* the driver of a bus which skidded on an icy street while traveling at about 10 miles an hour was *not* negligent. The following statement was made in the opinion (page 755 of 192 S.W.2d):

> "The evidence is uncontradicted that there was no negligence on the part of the driver of the Greyhound and that the *sole cause of its skidding into the Valley bus was the icy condition of the street.*" (Our emphasis)

This italicized statement cannot bear careful analysis. In extending the concept of the Risen case it approaches declaring not only the condition but the event as an act of God. With respect to causation, two factors must always be present when a driven automobile skids on an icy roadway. Inexorably and inevitably the *cause* of this maneuver must be a combination of (1) the hazardous condition, and (2) the operation of the motor vehicle. It is the manner of manipulation by the driver that releases the latent impelling force which results in a slide. A slippery condition cannot independently cause the driver's loss of control of a motor vehicle. Clearly the handling of its operative mechanisms plays an essential part in the chain of causation of a skidding accident.

■ The question in these cases is not whether the condition constituted the *sole force* causing the injury, but whether the driver was exercising due care in the operation of his vehicle when this force was activated. Thus we find that the rationale of the decision in the Atlantic Greyhound case [2] does not furnish an adequate or acceptable rule by which to determine whether the issue of liability should be submitted to the jury.

An attempt to extract from the Risen [3] and Atlantic Greyhound [4] cases a controlling principle was sought in Thurmond v. Chumbler's Administratrix, (1956) Ky., 287 S.W.2d 908. The defendant had skidded on an icy highway while traveling at a speed of about 25 miles an hour. It was held that *without other evidence* of negligence the plaintiff was entitled to go to the jury. The opinion notes that in the Risen case the rate of speed had been less than 20 miles an hour, and in the Atlantic Greyhound case the speed had been 10 to 12 miles an hour. We held that there was no hard and fast rule fixing the speed at which an icy road becomes dangerous to travel.

■ It would therefore appear the specific speed of a vehicle does not always furnish a controlling criterion in determining whether an issue of negligence for submission to the jury has been raised in a case

---

2. Atlantic Greyhound Corporation v. Franklin, (1946) 301 Ky. 867, 192 S.W. 2d 753.

3. Risen v. Consolidated Coach Corporation, (1938) 274 Ky. 342, 118 S.W.2d 712.

4. See footnote 2.

of this kind. Assuming that speed is one of the most important considerations on this question, we cannot put a court made rule of law on a miles per hour base. To intimate, as we did in the Risen case, that as a matter of law a motorist driving at less than 20 miles an hour on an icy highway cannot be negligent in so doing is not consonant with reality. Depending upon the particular circumstances, 15 or even 10 miles an hour may be too fast for the motorist to retain reasonable control of his vehicle.[5] On the other hand, a speed of 25 or 30 miles an hour might not constitute negligent driving, as juries decided in the Jaglowicz[6] and Thurmond[7] cases.

■ It is true that speed may be the determining factor on the issue of negligence. The question in these cases, however, is not limited to how fast the motor vehicle was being driven. Other factors, such as locking the brakes, or sudden changes of speed or direction, may initiate the skid. There are so many delicate and almost imperceptible manipulations available to the motorist that, as a practical matter, it may be impossible to determine with certainty what particular act initiated the loss of control. Usually it is a combination of several factors.

For this reason, and the further reason that skidding is not a normal method of operating a motor vehicle, we have recently reasserted what was inherent in some of the decisions heretofore cited: that the act of skidding itself under known natural hazardous conditions (which results in injury to others) constitutes *circumstantial evidence* of negligence. We said in T. C. Young Construction Company v. Brown, (1963) Ky., 372 S.W.2d 670, page 672:

"Ordinarily, however, where a driver who is aware of the treacherous condition of the highway loses control of his vehicle there is at the very least a permissible inference of negligence sufficient to sustain a verdict to that effect."

The basis for this conclusion is not hard to find. As we have heretofore observed, innumerable motorists successfully drive endless miles on slippery streets and highways without skidding into other vehicles. Thus common experience demonstrates that due care usually will enable a motorist to overcome such known hazard. Since so many are able to negotiate slippery highways without serious accident,[8] the failure to do so fairly suggests negligence. Under the conditions we are considering, the fact of skidding itself raises this issue, and the real problem in these cases is whether *other* circumstances permit the issue to be resolved *as a matter of law*. If not, the issue is one for the jury.

■ In this type of case the application of the res ipsa loquitur doctrine has been asserted, denied or dodged. Our latest opinions directly on the point held that the doctrine did apply. Geller v. Geller, (1950) 314 Ky. 291, 234 S.W.2d 974; Whitt v. Farley, (1955) Ky., 275 S.W.2d 906, 50 A. L.R.2d 990. Our recent experiences with this terminology have impelled the conclusion that it often creates more problems than it resolves. See Bell & Koch v. Stanley, (1964) Ky., 375 S.W.2d 696. In a case of this kind we need only recognize that the nature of the occurrence constitutes circumstantial evidence from which an inference of negligence fairly may or may not be drawn. The issue of negligence is then in

5. See Peters v. United Electric R. Co., 57 R.I. 311, 189 A. 901.

6. Tente v. Jaglowicz, (1931) 241 Ky. 720, 44 S.W.2d 845.

7. Thurmond v. Chumbler's Administratrix, (1956), Ky., 287 S.W.2d 908.

8. It is interesting to note that there is often a marked decline in urban accidents during periods of extremely hazardous driving conditions. While this may be attributable in part to less driving, it could also be attributed to the extreme care exercised by the ordinarily prudent driver under these conditions.

the case and remains in the case until properly decided by the court or the jury. It must be resolved by the jury *unless other circumstances* (and fair inferences to be drawn from them) so clearly support or overcome the inference of negligence that reasonable minds could not differ about the ultimate conclusion.

We now return to the facts of this case. Plaintiff urges that she was entitled to go to the jury because she had made a prima facie case of negligence when it was established defendant Carr was on the wrong side of the road at the time of the collision, citing Hunt v. Whitlock's Adm'r, 259 Ky. 286, 82 S.W.2d 364; Stark's Adm'x v. Herndon's Adm'r, 292 Ky. 469, 166 S.W. 2d 828; and Ellington v. Strader, Ky., 285 S.W.2d 497. Defendant Carr maintains that since the basic cause of the accident was the skidding of her automobile, this is a complete defense. In the light of the foregoing discussion, we must reject this view.

■ Obviously the manner of operation of the Carr automobile was a participating cause of this accident. Whether defendant was driving her automobile with reasonable care at the time it went into a skid we do not know, and we cannot *as a matter of law* decide. Factors that enter into this determination are: Was she driving too fast for the conditions in the light of her previous experiences on the highway? While shifting gears may be an approved method of slowing down, did she do so timely and in a proper manner?[9] Did she lose control of the vehicle when she shifted gears? Did she inadvertently accelerate her speed? Did she pursue the proper course when she headed for the bank on the left hand side of the road?

It may be defendant Carr was operating her automobile in a reasonably prudent manner. On the other hand, one could fairly conclude she did not exercise the care demanded by the circumstances. (No one would venture the suggestion that her automobile *could not* have been driven down the hill *without* skidding into the wrong lane.) In a situation of this sort, the question is not one of law but of permissible inferences to be drawn from the facts. The questions we have asked above are ones upon which reasonable minds could well differ. We have a jury issue.

This opinion is not to be interpreted as foreclosing the right of either the plaintiff or the defendant to a directed verdict under exceptional circumstances where reasonable minds could not differ about the fair conclusion to be drawn from the facts.[10] It is unnecessary to overrule the cases of Risen v. Consolidated Coach Corporation, (1938) 274 Ky. 342, 118 S.W.2d 712, and Atlantic Greyhound Corporation v. Franklin, (1946) 301 Ky. 867, 192 S.W.2d 753, but we disapprove of the reasoning followed in those cases as a basis for directing a verdict for the defendant.

Defendant Carr further contends that in any event the plaintiff cannot recover because she was guilty of contributory negligence as a matter of law. This argument is based on the fact that plaintiff was aware of the hazardous driving conditions, which had actually been discussed by the occupants of the automobile. Perhaps more accurately defendant's position is that plaintiff assumed the risk. In Morrison & Conklin Construction Co. v. Cooper, Ky., 256 S.W.2d 505, a distinction between contributory negligence and assumed risk was discussed. It was pointed out that a person may, without negligence, assume a risk and thereby foreclose his right of recovery.

■ Clearly it was not *negligence* as a matter of law for plaintiff to remain as a passenger in the Carr automobile. She had

---

9. In Head v. Lucas, (1950) 313 Ky. 356, 231 S.W.2d 81, a motorist was held negligent as a matter of law even though, when traveling at 20 miles per hour, he shifted gears to slow down.

10. In the case cited in the preceding footnote and in Rose v. Vasseur, (1959) Ky., 320 S.W.2d 608, the driver of a skidding vehicle was properly held negligent as a matter of law.

the right to believe the driver could successfully traverse the highway, as she had shown herself capable of doing (in spite of the icy condition). To the extent plaintiff may be said to have assumed the risk of the hazardous conditions, we cannot say she knowingly accepted the additional hazard of the driver's negligence. In the Morrison case above cited, the plaintiff assumed the risk of a known danger and that very condition was the cause of her injury. No act of negligence of another party contributed to the accident.

 Defendant Carr places reliance upon Robinson v. Bybee, Ky., 271 S.W.2d 873. There a passenger in a truck was injured when it slid off a freshly oiled road. The truck had been furnished for the use of the passenger but it was being driven by a 15 year old boy. The opinion is not at all clear as to the ground upon which the passenger was held contributorily negligent as a matter of law. Apparently it was assumed the passenger had a right to or did exercise some control over the operation of the truck. The negligence of the driver was in effect *imputed* to the passenger. We may observe in passing that this decision is questionable, but in any event the facts are not comparable with those in the present case. We cannot say as a matter of law the plaintiff was either contributorily negligent or assumed the risk of injury by riding in the automobile.

With respect to the directed verdict for the owner and operator of the truck we find no error. Plaintiff contends the truck was being driven too fast, but there is neither evidence of excessive speed nor evidence tending to prove the speed of the truck played any part in the chain of causation.

Plaintiff suggests that because the truck driver could observe the approach of the Carr automobile, he may have had some last clear chance to avoid the accident. There is no evidence from which a fair inference could be drawn that the truck driver was aware of defendant Carr's difficulties, or if he had been aware of them, that available steps could have been taken by him to avoid the accident. As plaintiff herself admits, the only thing he might have done was to get "on the other side of the road", (the wrong side for him) which rarely is either a sensible or practical maneuver. We can find no substantial evidence of negligence in this respect. See Hewitt's Adm'r v. Central Truckaway System, 302 Ky. 459, 194 S.W.2d 999; and Rankin v. Green, Ky., 346 S.W.2d 477. This directed verdict was proper.

The judgment is affirmed in part and reversed in part for proceedings consistent with this opinion.

MONTGOMERY and MOREMEN, JJ., dissenting.