**Carl BROWN et al., Appellants,**

**v.**

**DEPARTMENT OF HIGHWAYS, Commonwealth of Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 17, 1965.

F. Byrd Hogg, Whitesburg, for appellants.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Jarvis Allen, Pikeville, for appellees.

CLAY, Commissioner.

The Board of Claims, created by KRS 44.070, denied appellants' claims for damages arising out of an automobile accident which occurred when a car driven by appellant Leona Brown slid off U. S. Highway 119 near Whitesburg. The decision was affirmed on appeal to the circuit court. Appellants contend the findings of the Board are not supported by sufficient substantial evidence and the Board erroneously construed and applied the law.

Appellant Leona Brown was driving, in the daytime, on the highway as it winds down Pine Mountain. The Highway Department was cleaning out the ditch-line on the right side of the road and was using a machine to scrape the dirt across it to the other side. Apparently there had been a recent rain because this operation left substantial deposits of mud on the highway.

As appellant approached the scene of work she was flagged down by an employee of the Highway Department, and then permitted to proceed since no other traffic was involved. A short distance beyond the road machinery and a second flagman (whom she passed), the highway curved to the right. Appellant testified she was driving slowly and as she went into the curve she observed a man "standing there". She testified, "I let down on the brake just enough to make sure I could go over the mud and water around the man * * *". Her car went into a skid and went through the guardrail on the left side of the highway.

The Board took the view that the flagmen and signs adequately warned appellant of the danger and concluded that the accident was the fault of the plaintiff. The Board relied on the case of Robinson v. Bybee, Ky., 271 S.W.2d 873; 299 S.W.2d 791, which involved a road that had been freshly oiled and warning signs that had given adequate notice.

Appellants contend that case is not applicable because, while she was given notice by highway employees of the ditching operation, she was not advised of the dangerous road surface created by the presence of mud. Appellants apparently overlook the fact, however, that she had *actual notice* of the hazardous condition of the roadway. She knew of the presence of mud and water and testified she was proceeding slowly because of this hazard. Whether or not the Highway Department was negligent in creating this condition, she was fully aware of it. It was the method by which she operated her automobile under the known hazardous conditions that apparent-

ly was the proximate cause of the accident. See Cargo Truck Leasing Company v. Piper, Ky., 394 S.W.2d 472. At least there was substantial evidence which would permit the Board of Claims to draw that conclusion.

■ Appellants contend that the particular muddy spot upon which she skidded was a hidden defect and rely upon Commonwealth, Dept. of Highways v. General & Excess Insurance Co., Ky., 355 S.W.2d 695. Obviously that case is not applicable because there the plaintiff had no notice of any kind of the existence of a dangerous condition. Here the appellant driver had notice not only from signs and flagmen but also as a result of her own observation. Being aware of the hazard, there is no sound basis for her claim that the cause of the accident, as a matter of law, was the negligence of the Highway Department.

The judgment is affirmed.