**William Travis TIREY, Appellant,**

v.

**Thelma C. TIREY, Administratrix, et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 3, 1967.

Earle M. Nichols, Nichols & Nichols, Madisonville, for appellant.

Carroll Morrow, Moore, Morrow & Frymire, Madisonville, for appellees.

DAVIS, Commissioner.

This litigation arises out of a one-car automobile accident which occurred on a rainy afternoon in July 1964, near the community of Richland in Hopkins County. Appellant Tirey was driving the automobile and was accompanied by his father-in-law, John B. Cox, and Ruby Jewell Chappell who was serving as a practical nurse for Mr. Cox. Mr. Cox and Mrs. Chappell were injured when Tirey's car skidded off Highway 70 and turned over in a ditch. Suit was instituted against appellant Tirey by Mrs. Chappell and by the administratrix of the estate of Mr. Cox (who died from causes unrelated to the accident). Judgment was rendered upon the jury's verdict in favor of Mrs. Chappell for $3,180.00 and for the estate of Mr. Cox for $1,262.85.

Appellant contends (1) that he was entitled to a directed verdict, and (2) if not, reversible errors were committed in giving and refusing to give certain instructions.

Tirey was traveling east on Highway 70, which is a blacktop road with which

he was quite familiar. A gravel side road intersects Highway 70 at or near the site of the accident. Tirey presented evidence to support the view that oil had been tracked onto Highway 70 from the gravel road so as to create an abnormally slick condition of which he was unaware. There was evidence that the unusually slick and oily condition had persisted for two or three weeks prior to the accident, and Tirey explained that he had been out of the state during that time and had not learned of the condition. There was other evidence suggesting the presence of the oil on the road for a much longer period. Tirey stated that he had driven along Highway 70 on the day of the accident for about five or six miles in the rain and without incident. He said that without any activity on his part, such as applying the brakes or turning the steering wheel, the car went into a skid when it came upon the unusually oily portion of the road. Tirey said that he could not discern the presence of the oil on the highway as he approached it and explained that the rain and black oil on the blacktop road combined to present a hazardous condition not readily detectable by one driving upon the highway. Mrs. Chappell, seated in the back seat of the automobile, testified that she did not observe any activity on Tirey's part to which she could attribute the accident.

■ As respects the contention that Tirey was entitled to a directed verdict, we conclude that the rationale of Vernon v. Gentry, Ky., 334 S.W.2d 266, 79 A.L.R.2d 1, furnishes basis for a jury issue in this case. Admittedly, Tirey's car ran off the road while he was in charge of it, and the alleged injuries resulted from that incident. Under ordinary circumstances such an accident should not have occurred, absent negligence of the driver. It was for Tirey to satisfactorily explain the occurrence. The jury was not required to accept the explanation he offered. Cf. Jones v. Carr, Ky., 382 S.W.2d 853.

■ Appellant contends that the instructions given by the court did not adequately present appellant's theory of defense, and with this we agree. The first instruction given contained the following language in part: "It was his further duty to keep his vehicle under reasonable control, to keep a lookout and not to operate his vehicle at a greater speed than was reasonable and proper, considering the condition and use of the highway at said time and place." It is apparent that the quoted portion of the instruction placed upon Tirey the absolute duty of comporting his driving to the abnormally slick road (at least abnormally slick as claimed by Tirey and his witnesses) without reference to whether Tirey knew, or, in the exercise of ordinary care, could have known of that condition.

We believe the issues in this litigation may be fairly submitted by utilizing the following modification of the quoted portion of the first instruction: "It was his further duty to keep his vehicle under reasonable control, to keep a lookout and not to operate his vehicle at a greater speed than was reasonable and proper, considering the condition and use of the highway at said time and place, insofar as the condition of the highway was known to him, or should have been known to him in the exercise of reasonable care."

■ The appellant asserts that he was entitled to an instruction on sudden emergency and unavoidable accident. We believe that the entire theory of the defendant-appellant will be adequately presented to the jury by the instruction just quoted. Farrington Motors, Inc. v. Fidelity & Cas. Co. of N. Y., Ky., 303 S.W.2d 319. No instruction on sudden emergency or unavoidable accident is needed.

■ The appellant complains that some of the instructions given failed to state that the jury should believe that the defendant "negligently failed" to perform one

or more of his duties, and others omitted to say that the jury should "believe from the evidence" the propositions set out in the instructions. It seems to us that it would be redundant to insert the words "negligently failed" as a prerequisite to liability for the failure to observe one or more of the duties prescribed by an instruction. In Atlantic Greyhound Corporation v. Franklin, 301 Ky. 867, 192 S.W.2d 753, 756, the trial court was directed to insert the word "negligently" in a skidding case. That decision was prior to Jones v. Carr, Ky., 382 S.W.2d 853, and the reason advanced in Atlantic Greyhound Corporation v. Franklin, supra, for use of "negligently" no longer obtains. It is necessary that the jury formulate its verdict from the evidence and appropriate language so advising the jury should always be used. It is our view that the instructions as given complied with that rule when viewed in series.

■ Appellant complains that the trial court refused to give instructions on contributory negligence of the passengers in his car. We think there is no merit in this complaint, because the evidence is devoid of any suggestion of any act on the part of either of the passengers which could be considered an act of contributory negligence. Neither of them had undertaken to exercise any control of the operation of the car, and there is nothing in the record to indicate that either of them could have done anything to cause or prevent the accident.

The judgment is reversed for further proceedings consistent with this opinion.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, MONTGOMERY, PALMORE and STEINFELD, JJ., concur.

OSBORNE, J., not sitting.