**Phillip THOMPSON, Appellant,**

**v.**

**Claude E. REDWINE, Appellee.**

Court of Appeals of Kentucky.

Dec. 11, 1970.

C. B. Creech, Stanley R. Hogg, Creech & Hogg, Ashland, for appellant.

Edwin Rice, P. H. Vincent, Ashland, for appellee.

CLAY, Commissioner.

This is a suit to recover for personal injuries and property damages arising out of an automobile accident. The jury returned a verdict for defendant appellee. Plaintiff appellant contends he was entitled to a directed verdict and an instruction was erroneous.

The accident happened on a hill on a two-lane country highway. It was a cold, wintry day and the roadway was covered with snow and ice. Both cars were proceeding in the same direction down hill, with plaintiff's car in front. When he was about two-thirds of the way down the hill, he said, he stopped on the right-hand side because an oncoming automobile was having difficulty negotiating the highway. His automobile was struck from behind by defendant's. Defendant testified that plaintiff's automobile had skidded to the left of the highway just prior to the collision. In attempting to pull around it, defendant skidded into it. Plaintiff testified that after the accident defendant stated he would pay for the property damage. Plaintiff claims to have suffered serious injury to his back.

Plaintiff contends he was entitled to a directed verdict because, while lawfully stopped and seen by defendant, he was simply run into from the rear. He insists defendant's testimony as to how the accident happened was contradictory, ambiguous, evasive and unsatisfactory. However, this only presented a question of credibility. In Jones v. Carr, Ky., 382 S.W.2d 853 (1964), we considered the applicable principles when a motorist skids on a highway made slippery by natural weather conditions such as snow and ice. Skidding may raise an inference of negligence. Our question here is whether reasonable minds could differ as to whether, under the circumstances, defendant was negligent. Clemons v. Harvey, Ky., 385 S.W.2d 66 (1964).

With the exception of the movement and position of plaintiff's car, there was really little dispute about what occur-

red. The defendant was trying to get by and he skidded on the ice and snow, just as he said the plaintiff had skidded. Two questions are raised. Was defendant negligent in (1) attempting to pass, or (2) in failing to exercise due care in passing? Under the circumstances related by the defendant we cannot say *as a matter of law* that his decision to pass constituted negligence. Nor can we say *as a matter of law* that he was negligent in losing control of his car. Reasonable minds could differ about this and, as we held in Jones, such questions should be left to the jury. See also Bosshammer v. Lawton, Ky., 237 S.W. 2d 520 (1951), and Tirey v. Tirey, Ky., 420 S.W.2d 564 (1967).

 In view of the closeness of the question which we have just discussed, it is our opinion that the trial court committed prejudicial error in the wording of an instruction (which was apparently inadvertent). We do not see in this case a basis for a contributory negligence instruction and the trial court did not give one. However, instruction No. 1A was given, the first sentence of which reads as follows:

"The Court instructs the Jury that it is lawful to drive an automobile on an ordinary snowy or icy road but such condition must be taken into consideration in your deliberations as to negligence, if any, of the Defendant *and contributory negligence, if any, of the Plaintiff."* (Emphasis added)

This clearly could have misled the jury into believing that the manner in which plaintiff operated his automobile constituted a violation of some duty the plaintiff owed the defendant, and that plaintiff's act of skidding (as defendant testified) exonerated the defendant from liability for doing the same thing. Under the facts of this case the plaintiff was not negligent as to the defendant and the trial court recognized this when it refused to give the ordinary contributory negligence instruction. However, by inserting this reference to contributory negligence in instruction

No. 1A, the trial judge did inject that issue into the case. The jury may have concluded that if plaintiff improperly operated his automobile, the defendant had a right to run over him. Under the circumstances shown, this could not be the law. As before mentioned, we believe the reference to contributory negligence in this instruction was inadvertent, but, because of the closeness of the question of defendant's negligence, it was prejudicial. See Lawhorn v. Holloway, Ky., 346 S.W.2d 302.

The judgment is reversed, with directions to grant appellant a new trial.

All concur.