CASE 6.—APPLICATION BY GRACE R. BRADSHAW FOR A
RULE AGAINST H. C. BAKER, CIRCUIT JUDGE,
TWENTY-NINTH DISTRICT, TO ENTER A CER-
TAIN JUDGMENT.—February 16.

# Bradshaw v. Baker, Circuit Judge.

Motion for the rule considered by the Court of
Appeals and rule refused.

Appeal and Error—Mandate and Proceedings in Lower Court.—
in an action by a widow for the construction of her deceased
husband's will, the circuit court held that plaintiff might dis-
pose of the estate, if necessary for her support. On approval
it was held that she could only sell to pay charges against
the estate. Thereupon a judgment setting aside so much
of the original judgment as held plaintiff entitled to use the
principal for her support was entered by the circuit court,
which further adjudged that plaintiff took only a life estate,
with the duty to preserve the principal intact. Held, That
the judgment substantially complied with the opinion of the
appellate court.

N. H. W. AARON for appellant.

## DYING WITHOUT ISSUE.

The court properly construed this expression: "But should our
said daughter, Grace Butler Bradshaw, die without issue, then
what remains of my estate shall be divided into two equal parts,
etc.," and adjudged that the dying without issue had reference
to her death in the life-time of the life tenant, and that she, if
living at the death of Mrs. Butler, took the property absolutely.

The rule of construction in such cases is too well settled to need
comment. In the case of Harvey, etc., v. Bell, etc., 118 Ky., 521,
this court reviewed all of the authorities and approving this con-
struction: "Where an estate is devised to one for life, with
remainder to another, and, if the remainderman die without chil-
dren or issue, then to a third person, the rule is that the words
'Dying without children or issue' are restricted to the death of

Bradshaw v. Baker, Circuit Judge.

the remainderman before the termination of the particular estate." To the same effect are Birney v. Richardson, 35 Ky. 424; Wren v. Haynes, 59 Ky. 129; Pool v. Benning, 48 Ky. 623; Mercantile Bank v. Ballard, 83 Ky. 481; Ferguson v. Thomason, 87 Ky. 519; Dickison v. Ogden, 89 Ky. 162; Pruitt v. Holland, 92 Ky. 641; Lewis v. Shropshire, 68 S. W. 426; Baxter v. Isaacs, 71 S. W. 907.

Wherefore, we ask a reversal of the judgment of the lower court adjudging to Mrs. Butler the $1,500 with interest on same, and a construction of the will adjudging to Mrs. Butler a life estate in the property devised to her and that appellant has a remainder interest in this same estate, and denying to appellee the right to consume or encroach upon the remainder interest of appellant for any purpose.

JAMES GARNETT and W. W. JONES for appellee.

The testator recognizes in his wife a helpmate and a partner in the accumulation of his estate, shows a desire to repay his brothers and sisters for the aid given him in his earlier days and a desire to provide for his adopted daughter during her life and for her issue, if any, but the leading general purpose manifested is that his property shall not pass beyond his blood, that of his wife's and adopted daughter's.

## AUTHORITIES CITED.

1. Limitation statute does not apply to Mrs. Butler's claim. (Biggerstaff's Admr. v. Same, 19 Ky. Law Rep. 371.)

2. Appellee's claim was not extinguished by the devise to her. (Lisle v. Stribbles, 92 Ky. 304; Cloud and Wife v. Clinkenbeard, 8 B. M. 398.

3. The construction placed upon the will of testator by the circuit court was more favorable to appellant than warranted by law. (McCullough's Admr. v. Anderson, 90 Ky. 128; Coats' Admr. v. L. & N. R. R., 92 Ky. 268.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE.

The plaintiff, Grace B. Bradshaw, asks that this court issue a rule against the defendant, H. C. Baker, judge of the Twenty-Ninth judicial district of Kentucky, requiring him to show cause why he should

not enter in the case of Bettie W. Butler v. Grace
B. Bradshaw and Others, pending in the Adair cir-
cuit court, a judgment tendered in that court by
plaintiff, Bradshaw, and which, she insists, conforms
to and is required by the opinion and mandate of this
court in the case of Bradshaw v. Butler, appealed
from the Adair circuit court and decided by this court
May 29, 1908. See 110 S. W. 420, 33 Ky. Law Rep.
531.

The action was brought by Bettie W. Butler to
recover of the estate of her late husband, John W.
Butler, the value of certain bonds and coupons she
claimed to have had in his hands at the time of his
death, and also to obtain a construction of his will.
It was alleged in the petition that by the will her
husband ''devised his brothers and sisters the sum
of $5,000, and to the plaintiff, Bettie W. Butler, all
the rest of his real and personal estate, with the
power to sell, use, and dispose of it as she might
see fit, during her lifetime, and that she was appointed
the executrix thereof, and given full power in her in-
dividual capacity to sell and convey any and all of
the estate left by the said decedent, John W. Butler.''
The circuit court, in construing the will as to the
power of the wife to dispose of the real estate, ad-
judged that ''the will does not give Mrs. Butler an
absolute or capricious control of the estate, such as
empowers her to sell, use, and dispose of it, as she
may see fit during her life, as is claimed in the pe-
tition. The testator, however, evidently intended that
she should have a decent support suitable to her con-
dition in life, and with this limitation, it would seem,
she could control it, and touch upon the principal, if
necessary for her support.'' On the appeal this
court held that ''the power given by the fourth and

fifth clauses of the will was solely for the purpose of enabling Mrs. Butler to sell the property for the purpose of paying the debts and other charges against the estate.'' The effect of this was to restrict her power to sell the real estate to the payment of debts and charges against the estate of the testator, and consequently to nullify and reverse that part of the judgment of the circuit court which had given her the power to sell it for her support.

Following the filing of the opinion and mandate in the circuit court, the following judgment was entered by that court: ''It is now ordered and adjudged, in conformity with the opinion and mandate of the Court of Appeals, that so much of the judgment appealed from as adjudged Bettie W. Butler to recover of the estate of John W. Butler $1,500, with interest from 21st day of January, 1897, and that, in addition to the income of the estate, she is entitled to use the principal, if necessary for her reasonable support and comfort, be and the same is now set aside. It is further adjudged that said Bettie W. Butler is not entitled to use any part of the principal of his said estate for her support, and that she only takes a life estate therein under said will, with a right to the income arising therefrom, with the duty to preserve the principal intact. In other respects the former judgment stands as the judgment of this court. * * *''

In terms, as in meaning, the foregoing judgment confines Mrs. Butler to the use of the income arising from the husband's real and personal estate during her life, and, as that part of the original judgment permitting her to sell the real estate merely for payment of debts and charges against the estate was unaffected by the reversal and has not been set aside, the power there given to Mrs. Butler to sell, together

with the provisions of the last judgment preventing her from encroaching upon the principal of the estate, and requiring her to preserve the principal intact, constitute such a judgment as substantially conforms to the opinion and mandate of this court.

The circuit court might with propriety have entered the judgment tendered by the plaintiff, Grace B. Bradshaw; but, as we cannot say the one entered does not substantially comply with the opinion and mandate of this court, no cause is shown for the rule asked.

It is therefore refused.