## City of Louisville v. Zoeller.

(Decided October 9, 1913).

## Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Municipal Corporations—Defects or Obstructions in Streets— Action for Injuries—Instructions.—In an action against a municipal corporation for injuries received by reason of an obstruction in the street, an instruction imposing on the corporation the duty of exercising ordinary care in the inspection of its streets in addition to the duty of exercising ordinary care in maintaining its streets in a reasonably safe condition for ordinary travel, is erroneous. The duty of inspection, if such it may be termed, is included in the duty of exercising ordinary care in the maintaining of its streets in a reasonably safe condition for ordinary travel; and the methods, frequency and extent of inspection are matters to be considered by the jury in determining the question of the exercise or failure to exercise ordinary care in maintaining the street in reasonably safe condition for ordinary travel.

2. Negligence—Imputed Negligence.—When Negligence of Husband Not Imputed to Wife.—Where the wife is injured by being thrown from an automobile which her husband was driving, in a collision between the automobile and a street car, the negligence of the husband, if any, cannot be imputed to the wife, unless the relation of master and servant or of principal and agent existed between them at that particular time.

WM. J. O'CONNOR, PENDLETON BECKLEY for appellant.

O'DOHERTY & YONTS for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

Appellee and her husband, while on their way to church in an automobile driven by her husband, were struck by an electric car of the Louisville Railway Company, on Frankfort avenue, in the city of Louisville, and appellee was thrown from the vehicle, her wrist was fractured and she received other injuries. She thereupon instituted this action against the city of Louisville and the Louisville Railway Company for damages, charging as against appellant, city of Louisville, that the automobile was skidded on to the track of the railway company by striking a loose board lying in the street, and the injury was thereby caused. There was a verdict in favor of the railway company, and from the judgment entered upon a verdict in appellee's favor against the

city of Louisville for $1,500, this appeal is prosecuted by, the city of Louisville, and a reversal thereof is sought upon five grounds, which are as follows: (1) that the verdict is not sustained by sufficient evidence; (2) that a peremptory instruction should have been given for appellant, for the reason that appellant had no notice of the existence of the obstruction complained of, and because the board alleged to be the obstruction did not constitute such an obstruction as to be dangerous to ordinary travel upon the highway; (3) because the verdict is excessive; (4) because the court erred in giving instruction No. 1; and (5) because the court erred in giving instruction No. 4.

As the case will have to be reversed for other reasons, we will not discuss the first three grounds relied upon by appellant further than to say that the evidence is sufficient to take the case to the jury, and to support a reasonable finding, but as to whether or not fifteen hundred dollars is a reasonable finding we express no opinion.

Passing for the present the fourth ground urged for reversal of the judgment appealed from, it is insisted as the fifth ground that the court erred in giving instruction No. 4. This instruction reads as follows:

"The court further instructs the jury that the negligence, if any, on the part of plaintiff's husband, Joseph Zoeller, in the operation of the automobile, in which she was riding as a passenger, is not imputable to her and is no defense to this action, unless the jury shall believe from the evidence that such negligence, if any, on his part, was the sole cause of the collision between the street car and the automobile in the evidence referred to, and in that event the law is for the defendants, both of them, and you will so find."

The case cited by appellant in support of his contention in this respect, City of Louisville v. Bott's Admr., 151 Ky., 578, is not in point. In that case, this court said, relative to the contention of appellant therein that the negligence of the driver of the wagon from which the intestate fell and was killed, was imputable to the latter, that:

"Two things enter into the consideration of appellant's second contention, (1) was there any evidence on the trial which conduced to prove that the fall of appellee's intestate from the wagon resulting in his death, was caused by the negligence of the driver of the wagon?

(2) was there any evidence conducing to prove that the wagon and driver were under the control of the intestate at the time of the accident?

The evidence in that case showed that Bott was in charge of an organ which he was having hauled from one point to another in the city of Louisville, in a wagon driven by one Zorn; and this court said there was some evidence conducing to prove that Bott was in charge of the wagon and driver, and this being true the jury should have been allowed to determine whether the negligence of the driver, if any, was imputable to Bott.

In the instant case, however, the driver of the vehicle, was the husband of appellee, and the doctrine of imputable negligence in such cases was adjudicated in this State in the case of Louisville Railway Company v. McCarthy, 129 Ky., 814, in a well-considered and exhaustive opinion by Judge Lassing, in which this court said:

"That the negligence of the husband or the wife should not be attributable to or charged to the other unless it should appear that in that particular instance the relation of master and servant or of principal and agent existed between them. The mere fact that one is the husband or the wife of the other should not render him or her answerable for the negligence of the other."

In the case at bar, appellant does not contend that the relation of master and servant or of principal and agent existed, but contends that the recovery of the wife will increase the family finances and lessen his burden in supporting his family. Answering this argument, we again quote from the case above referred to:

"The husband has no interest in the recovery of the wife, and we see no good reason for denying to a wife the right of a recovery because her husband, into whose care she, for the time being intrusted herself, was guilty of an act of negligence which contributed to bring about her injury."

We are, therefore, of the opinion that instruction No. 4 was properly given.

The fourth ground urged for reversal of the judgment appealed from presents a more serious question. The instruction complained of reads as follows:

"The court instructs the jury that the law made it the duty of the defendant, the city of Louisville, to exercise ordinary care to have and maintain Frankfort avenue, in the evidence referred to, in a condition reasonably safe for public use as a highway; and to *exercise*

*ordinary care in the inspection thereof;* and if the jury shall believe from the evidence that at the time and on the occasion, in the evidence referred to, there was a loose plank or board lying upon the said highway, and that the presence thereof rendered said highway in a condition not reasonably safe for the use of the public, and that the presence of the said board and the danger therefrom were known to the defendant, the city of Louisville or its agents, or any of them charged by it with the duty of repairing or inspecting its streets, including its police officers, or could have been known to them or to any of them by the exercise of ordinary care, long enough prior to plaintiff's injury to have enabled the defendant's said agents to have removed the said board from the said street by the exercise of ordinary care, and if the jury shall further believe from the evidence that the wheels of the automobile, in which the plaintiff was riding, or one or more of them, came into collision with the said loose plank, and that by reason thereof the said automobile was caused to slide upon the tracks of the Louisville Railway Company, on said Frankfort avenue, and that the collision between the said street car and the said automobile was thereby brought about, or so far contributed to that, but for the said loose plank or board in said street, the collision would not have occurred, but that the plaintiff was thereby thrown from the automobile and injured the law is for the plaintiff and the jury should so find, as against the defendant, the city of Louisville.''

It is earnestly contended by appellant that this instruction should not have been given in this form for the reason that the words *''and to exercise ordinary care in the inspection thereof''* impose upon the city, *in addition* to the duty imposed of exercising ordinary care in maintaining its streets in a reasonably safe condition for use by the public, the duty of exercising ordinary care in the inspection of its streets when in law no such duty exists. Counsel have not cited, nor have we been able to find a case in which an instruction couched in this same language has been passed upon.

In City of Brownsville v. Arbuckle, 30 Ky. L. Rep., 414, 99 S. W., 239 (not officially reported), the following instruction was upheld:

''The court instructs the jury that if they believe from the evidence that the plank walk on what is known

as Main street in the town of Brownsville, Ky., at the time and place plaintiff claims to have been injured by falling through said walk, that said walk was not then in a reasonably safe condition and repair for the use of the public travel, over said walk, and that plaintiff was injured by reason or on account of such unsafe condition of said walk, and that defendant through its officers whose duty it was to look after defendant's streets and the sidewalks upon the same, and have them kept in a reasonably safe condition for public travel, had notice or knowledge of such unsafe condition of said sidewalk, or could or would have had such notice or knowledge by the use of ordinary diligence or care on the part of such officer or officers, and that defendant had reasonable time after such notice or knowledge of such unsafe condition of said sidewalk to repair it and put it in a reasonably safe condition, and failed to do so, they will find for plaintiff, etc."

And in City of Louisville v. Lambert, 116 S. W., 261 (not officially reported) affirmed by this court, the following instruction was given (we quote in part): "Or that said condition had existed for such a length of time that the city of Louisville, its agents and servants, whose duty it was to ascertain and keep in repair the streets of the city, including the police officers could have known of such condition by the exercise of ordinary care, etc."

But these cases do not go to the extent of holding that a municipal corporation is chargeable with the duty of exercising ordinary care in maintaining its streets in a reasonably safe condition for ordinary travel, and in *addition* thereto, is chargeable with the duty of exercising ordinary care in the inspection of its streets.

This court is of the opinion that the instruction as given, in so far as it imposes the duty of exercising ordinary care in the inspection of its streets, *in addition* to the duty of exercising ordinary care in maintaining its streets in a reasonably safe condition for ordinary travel by the public, is objectionable, for the reason that the duty to inspect, if such it may be termed, is included in the duty of exercising ordinary care in the maintaining of its streets in a reasonably safe condition, and acts or methods of inspection which a jury might be justified in finding to be a compliance with the duty of exercising ordinary care in the maintaining of its streets in reasonably safe condition, under special circumstances or in some towns or cities, might not constitute a compliance

and performance of such duty under other circumstances or in other towns and cities; in other words, by placing emphasis upon the matter of inspection, (which is only one of many things to be considered in the determination of the question of the exercise of ordinary care in maintaining streets in reasonably safe condition) the instruction in question, to some degree, might be understood by a jury to demand a special method of inspection by a special agent or agents selected for that purpose, and to mean that a failure to employ such agent or agents would render the municipal corporation liable; when in fact, whether the methods used, as shown by the evidence, constitute ordinary care in maintaining its streets, is purely a question for the jury when there is any evidence of failure so to do. It may easily be understood how such an instruction could have been prejudicial to appellant's substantial rights; at any rate, appellant was entitled to have its case tried by the jury under instructions free from objection of this character; and upon a re-trial, this clause should be omitted from the instruction given.

Judgment reversed for proceedings consistent with this opinion.