## Perkins v. Peek et al.

March 11, 1949.

Logan E. Patterson and James S. Wilson for appellant.

W. L. Hammond and Grant Knuckles for appellees.

Opinion of the Court by Judge Latimer—Reversing.

Appellant prosecutes this appeal from a judgment entered upon verdict of the jury denying recovery of damages sustained by him as a result of a collision between his automobile and automobile of appellee.

The accident occurred on the highway between Pineville and Harlan. Appellant was traveling in the direction of Pineville. Appellee was going in the direction of Harlan. Each driver was alone. They were the only eyewitnesses to the accident. It appears that at about the place where the accident occurred there is a hill, and about 50 to 75 feet from the top of the hill, in the direction appellee was traveling, there is a curve to the right. Appellant was proceding up the hill, according to his testimony, at about 35 miles per hour. Appellee was coming down the hill at a rate of speed estimated by appellant at 45 miles per hour and by appellee at about 35 miles per hour. As appellee's car was passing around this curve it skidded on the wet and slippery pavement over toward the left side of the road. Appellant says, that when he observed appellee's car skidding, he pulled to his right with his right wheels entirely off the pavement and that appellee's car was 4 or 5 feet over on his side of the road at the time the cars collided; and that appellant's car was knocked entirely off the highway and into a ditch and appellee's car went 40 or 50 feet on down the road before it came to a stop.

Other witnesses introduced by appellant testified that the skid marks, indicating the point where the cars struck, were on appellant's right-hand side of the road. One witness testified that the tracks of appellant's car showed that his right wheels were entirely off the pavement.

Appellee testified about his own car skidding but that he regained control of the car, and that the collision happened near the center of the road and he believed on his side.

The cause was submitted and the jury returned the following verdict:

"We the jurors do agree that both parties bear their own expense, no damage for either party.

(signed) Hannan Davis, Foreman.''

Judgment was entered accordingly.

Appellant is here insisting: (1) He was entitled to a directed verdict (2) The trial court erred in giving to the jury, over appellant's objection, Instructions 1, 3, 4, 5, 6, and 7. (3) The verdict is flagrantly against the evidence.

We will consider first whether or not appellant was entitled to a directed verdict. As stated above the testimony for appellant shows the collision to have occurred on appellant's right-hand side of the road with no negligence upon the part of the appellant. Appellee's testimony is rather vague, uncertain, and apparently evasive. He stated that he knew the road was slick and that his car skidded. The strongest statement he would make about the point of collision was that it was near the center of the road and he believed on his side of the road. On cross-examination he admitted he did not know exactly where the cars were when they collided, but says he thinks the cars were near the center of the highway, if not on his side of the road. At no place does he point out or show any act of negligence on the part of appellant.

We have written numerous times on this type and character of testimony and have held that such is not sufficient to induce conviction. In Henderson v. Lane, 202 Ky. 610, 260 S.W. 361, 364, we said:

"By evidence is meant something of substance and relevant consequence, and not vague, uncertain, or irrelevant matter not carrying the quality of proof, or having fitness to induce conviction."

In City of Ludlow v. Albers, 253 Ky. 525, 69 S.W.2d 1051, 1055, in considering testimony of a witness somewhat similar to appellee's testimony, this court said:

"He is not entitled to rest the verdict of the jury in his favor, upon vague, uncertain, and speculative statements of himself, his brother, and Helen Robertson. They are insufficient to induce conviction as to what was the efficient or the proximate cause of his injury." See also Gay et al. v. Gay et al., 183 Ky. 238, 209 S.W. 11.

It will be noted further that appellee, himself, disposed of the question of the unavoidability of the accident because of the skidding on the highway, in that

he testified he had regained control of his car some several feet before the point of collision.

We, therefore, conclude that the court should have directed verdict for the plaintiff below, leaving the amount of damages to be assessed by the jury. Thus concluding, it is unnecessary to discuss the other points raised by appellant.

Wherefore, the judgment is reversed, and if the evidence on another trial should be substantially the same as in this trial, the court will direct a verdict for the plaintiff.