Hazel Rowe **WHITT** et al., Appellants,

v.

Clay **FARLEY** et al., Appellees.

Court of Appeals of Kentucky.

Feb. 25, 1955.

O. T. Hinton, Walter R. Young, Pikeville, for appellants.

L. D. May, Pikeville, for appellees.

STANLEY, Commissioner.

The jury found for the defendant, James Farley, in consolidated actions of Mrs. Hazel Rowe Whitt and Fred Myers for damages for injuries sustained by them in the wrecking of an automobile. A like verdict was returned for his co-defendant, Clay Farley, on a peremptory instruction. The plaintiffs appeal from the judgment entered on the verdicts.

The appellants were guests or passengers in the car, which was travelling through Virginia towards their home in Pike County, Kentucky, on an afternoon in July, 1953. Rain had made the road slippery. As the car was going down grade around a slight curve, the driver, James Farley, put on the brakes, the car hit a spot made slick by water on fresh oil or a patch of road material, skidded off the road down a hill and turned over. Mrs. Whitt was severely injured and Myers was injured in a much less degree. The appellants testified that the car was going around 30 or 40 miles an hour and that the driver "hit the brakes" and the car skidded. Mrs. Whitt had cautioned him along the way to be careful. Myers testified that Farley was "driving about like any ordinary man drives." It seems that Mrs. Whitt opened the door of the car and tried to get out but fell and the car turned over on her.

The testimony of the defendant, James Farley, is not materially different. He adds the statement that he had not skidded or slipped before the accident, that he had seen no indication of a place ahead that was slicker than anywhere else, and that he had not applied his brakes at the time with any greater force than he had been doing along the way.

The appellants argue that the rule of res ipsa loquitur applies and distinguish cases holding that it is otherwise where the proof was merely that an automobile skidded,

which fact was regarded as explaining away a presumption of negligence. They contend they proved that the car was under the sole control of Jim Farley, and there was no cause shown as to why he lost that control, so that the presumption of negligence was not overcome or destroyed; hence, the court should have sustained their motion for a directed verdict or their motion for a judgment notwithstanding the verdict.

The appellants rely especially on a statement in Geller v. Geller, 314 Ky. 291, 234 S.W.2d 974, 977, that it is common knowledge that a "skidding of such proportions as to overturn or wreck a vehicle, or cause personal injuries or property damage to others, does not normally happen if the operator is exercising reasonable care. Therefore, an inference of negligence arises upon proof of the occurrence." The statement follows an observation that a driver is not liable for resulting injury where the skidding of the car was due merely to the slippery condition of the road and not from the driver's negligence. They also rely on Perkins v. Peek, 309 Ky. 652, 218 S.W.2d 668. Peek's car was skidding about on the road as it approached Perkins' car. Perkins pulled off the road and stopped but Peek's car continued out of control and collided with it. Because of the vague and evasive character of Peek's explanation in attempting to establish that the collision was unavoidable, it was held the court should have directed a verdict for Perkins; in short, the res ipsa presumption of negligence was not overcome.

 These and other decisions and the distinctions drawn in them are not applicable to the instant case. Accepting the premise that the res ipsa loquitur rule applies, the appellants are confronted with the fact that the defendant went forward with the evidence and explained the accident as having resulted from the slippery condition of the road, notwithstanding he had exercised due care in driving the car. Farley's explanation was clear and specific. This issue was submitted to the jury on instructions offered by the plaintiffs which placed the duty on the defendant to "exercise ordinary care for the safety of the occupants of his car, considering the physical conditions of the road, and to drive at a reasonable speed, to keep a lookout ahead and keep his car under control." It seems to us that the issue was properly submitted to the jury and its finding is supported by the evidence.

A new trial was sought upon the ground of newly discovered evidence. Mrs. Whitt's affidavit is that she "now remembers" that the defendant had "kept his right hand on the gear shift lever and that she had learned since the trial that this was necessary because of some defect in the mechanism of the car which made it necessary" in order to prevent the gear from slipping out of place; that "the defect prevented the defendant from using both hands to control his car in the emergency," and that the significance or importance of this fact had not occurred to her at the time and she had not mentioned it to her attorneys until after the trial. Myers' affidavit is to the same effect. The attorneys depose that they had no knowledge of these facts. Counter-affidavits are that there was no defect in the gear shift, but it was not denied that the driver had had his hand on the gear shift lever as described.

 It seems to us that this cannot be regarded as newly discovered evidence within the rule which justifies the granting of a new trial on that ground. It is a belated recollection by a party litigant. We held in Gray v. Sawyer, Ky., 247 S.W.2d 496, that the overlooking of an important witness was not within the demand that reasonable diligence be exercised in discovering new evidence. It is stated in 66 C.J. S., New Trial, § 108, that "Forgetfulness or oversight of evidence or witnesses by applicant until after the trial is not ground for a new trial." We think this is a fair and proper rule. The text adds, upon authority of one case for each statement, that a new trial has been granted for important evidence forgotten where the new trial could be had without serious prejudice to the interests of either party or where it was

required in the interests of justice. No such condition is presented in the instant case. We think the motion for a new trial was properly overruled.

The appellee, Clay Farley, father of James Farley, was made a party to the suit because title to the automobile was in his and his son's name jointly. The title was so taken because the son was a minor, and it was necessary in order for him to finance the purchase of the car. On the occasion of the accident, the son was using the car for his own, exclusive, personal purpose. The peremptory instruction was authorized. In any event, it would have made no difference to have included Clay Farley's name in the instructions, for the verdict was that the jurors "find the defendant not guilty of negligence."

The judgment is affirmed.