Roy CLASPELL, Appellant,

v.

Estell J. BROWN et al., Appellee.

Court of Appeals of Kentucky.

March 4, 1960.

Blakey Helm, Louisville, Richard L. Garnett, Glasgow, for appellant.

Nixon C. Duncan, Norman Curtis, Louisville, for appellee.

PALMORE, Judge.

This is an automobile-pedestrian case in which a jury, after receiving instructions in toto as offered by the plaintiff, deliberated for three minutes and returned a verdict for the defendant. Plaintiff appeals on the ground that the verdict was contrary to the evidence and contrary to the law. We find no error.

 It is unnecessary to discuss either the evidence or the instructions, because if appellant's contention on this appeal were well taken he would have been entitled to a directed verdict in his favor except as to the issue of damages. He did not, however, move for a directed verdict. On the contrary, the instructions given by the court were the very instructions requested by the appellant. They authorized a verdict in favor of either party. How, therefore, is it possible for him now to argue that they really authorized only a verdict for the plaintiff? The proper procedure would have been for him to move for a directed verdict on the issue of negligence. A peremptory instruction directing a verdict is an "instruction" within the meaning of CR 51, which provides as follows:

"No party may assign as error the giving or the failure to give an instruction, unless he objects thereto before the court instructs the jury, stating specifically the matter to which he objects and the grounds of his objection."

Where there are no errors committed during the course of a trial, the jury is properly instructed, and there is no misconduct affecting the jury's deliberations, a verdict which on its face is not inconsistent with the instructions cannot be erroneous on the basic question of liability or non-liability. Because he did not request a verdict in his favor as a matter of law at the close of the evidence appellant was not in a position to move for a judgment n. o. v. CR 50.02. Clay, Kentucky Civil Rules, p. 449. He cannot cover the omission by attacking the verdict in a motion for new trial on the ground that the verdict is against the evidence or contrary to the law. A party waives the insufficiency of his adversary's evidence when he fails to challenge it by a motion for a peremptory instruction.

 The distinction drawn by the federal courts in the test to be applied to the evidence on a motion for directed verdict as compared with a motion to set aside a verdict as contrary to the evidence (see Moore's Federal Practice, 2d ed., pars. 50.03, 59.08), has no sound basis for application in this jurisdiction. On the question of liability, the trial court should have no discretion to set aside a verdict on a motion for new trial upon the ground that it is contrary to the evidence unless in the first instance a verdict could have been directed. Cf. Wadkins' Adm'x v. Chesapeake & O. Ry. Co., Ky.1957, 298 S.W.2d 7; Wheat's Adm'r v. Gray, 1949, 309 Ky. 593, 218 S.W.2d 400, 7 A.L.R.2d 1336. See also 58 Columbia Law Review 517.

This action was brought against Estell Brown, the driver of the automobile, and his wife, Lucille Brown, who was riding in the front seat with him when their automobile struck the appellant. Mr. Brown testified that the car was his but that the bill of sale had been taken in the names of "Estell or Lucille" Brown. Mrs. Brown did not help pay for the car. She did not exercise any control over it. Prior to the accident she did not know that her name was on the bill of sale. She has never driven and does not know how to drive a car. She and Mr. Brown were on their way home at the time of the accident after having paid a social call to the home of Mr. Brown's sister. At the close of the evidence the trial court directed a verdict in favor of Mrs. Brown, and it is our opinion that his action in so doing was correct.

 The bill of sale is not conclusive of the real ownership of an automobile. Whitt v. Farley, Ky.1955, 275 S.W.2d 906, 50 A.L.R.2d 990; Harlow v. Dick, Ky. 1952, 245 S.W.2d 616; Bevins v. Ford, 1946, 302 Ky. 346, 194 S.W.2d 657. The undisputed facts of this case prove the husband to be the real owner as a matter of law. Therefore it is not really a joint ownership case.

 In the absence of proof of a master-servant or agency relationship the wife would not be chargeable with the husband's negligent operation of an automo-

bile, even though she be present as a passenger. Reed v. Hostetler, Ky. 1952, 245 S.W.2d 953; City of Louisville v. Zoeller, 1913, 155 Ky. 192, 160 S.W. 500, and annotations, 59 A.L.R. 153, 110 A.L.R. 1099. Nor do we deem the facts as sufficient to lay a case of joint enterprise, for "there must be not only joint or community interest, but also an equal right express or implied to direct and control the management and movement of the car." Dorris v. Stevens' Adm'r, 1936, 266 Ky. 602, 99 S.W.2d 755, 758. In this state the husband has been regarded as the head of the family, to the extent even that when he purchases and maintains a family car but takes title exclusively in the name of the wife he is nevertheless liable for her negligent operation of it. Gray v. Golden, 1945, 301 Ky. 477, 192 S.W.2d 371. When the head of the household is at the wheel of an automobile owned and maintained by him the fact that the wife is present on a social trip of community interest does not, in our opinion, raise an inference of joint control of the vehicle.

Though we have disposed of the appeal as to the appellee Estell Brown on technical grounds, we have nevertheless reviewed the evidence carefully and entertain no doubt that it presented a question for the jury.

Judgment affirmed.