**Joseph SCHAIBLE et al., Appellants,**

v.

**George UHL, Appellee.**

Court of Appeals of Kentucky.

Feb. 24, 1961.

William J. Wise, Newport, E. J. Marois, Cincinnati, Ohio, for appellants.

Marion W. Moore, Covington, for appellee.

CULLEN, Commissioner.

Around 10 p. m. on an April night, on U. S. Highway No. 25 in the town of Elsmere, an automobile driven by George Uhl collided with the rear end of a car driven by Bobbie Sharp. Mr. and Mrs. Joseph Schaible, passengers in the Uhl car, sustained injuries and thereafter sued Uhl for damages. The jury found for the defendant and judgment was entered dismissing the complaints. The Schaibles have appealed.

It is contended that the verdict for the defendant is palpably against the weight of the evidence, which contention amounts to a claim that the plaintiffs were entitled to a directed verdict. However, they did not move for a directed verdict and therefore they are not entitled on appeal to assert that the verdict for the defendant is contrary to the evidence. Claspell v. Brown, Ky., 332 S.W.2d 851.

Several contentions are made with reference to the admission in evidence of a written and signed pre-trial statement of Mr. Schaible which tended to exonerate Uhl of blame and was contradictory of his testimony on the trial. These contentions are based primarily on the theory that CR 43.07 and 43.08, relating to impeachment of witnesses, are applicable. The simple answer is that the statement was not an impeaching document, but evidence of an admission against interest by a *party*. As such it was admissible as substantive evidence. Wallis v. Illinois Cent. R. Co., 294 Ky. 177, 171 S.W.2d 225. Likewise, it

**580**

was not subject to the requirements of CR 43.08 as to preliminary inquiry concerning time, place and persons present, American Dist. Telegraph Co. v. Oldham, 148 Ky. 320, 146 S.W. 764, and it could be proved without laying a foundation by producing the person to whom the statement was given. Cadle v. McHargue, 249 Ky. 385, 60 S.W.2d 973. Since Mr. Schaible admitted giving and signing the statement there was no necessity to put on the stand the person who took the statement in order to prove that it was made.

It is true that Mr. Schaible was entitled to an opportunity to explain the discrepancy between his testimony on the trial and his pre-trial statement. Commonwealth Life Ins. Co. v. Pendleton, 231 Ky. 591, 21 S.W.2d 985, 66 A.L.R. 1526. He was given a reasonable opportunity to make an explanation and could offer none other than that his memory upon the trial was better than it was when he gave the statement. The court did not err in refusing to permit Mr. Schaible's attorney to continue with prodding questions in an effort to evoke some better explanation.

Another contention of the appellants is that the court erred in not requiring a medical witness for the defendant to answer, on cross-examination, a question as to whether he agreed with an isolated statement from a medical journal to which the witness had referred in his direct examination. Even if this were error it would not be prejudicial since the jury found no negligence on the part of the defendant. Actually it was not error, because the statement in question was neither relevant nor material.

The appellants assert various errors in the instructions, but they neither offered any instructions nor made any objections upon the trial to the instructions that were given, so under CR 51 they are not entitled to claim error on appeal.

The judgment is affirmed.