Claude DOUGLAS, Appellant,

v.

Lucy Jean POTTINGER et al., Appellees.

Court of Appeals of Kentucky.

Dec. 14, 1962.

As Modified on Denial of Rehearing
March 22, 1963.

Edward J. Hogan, Henry V. B. Denzer, Louisville, for appellant.

Theodore Wurmser, Ralph Stone, David J. Beumer, Louisville, for appellees.

MILLIKEN, Judge.

The accident, out of which this litigation arose, occurred July 26, 1958, about 2:30 a. m. in Louisville, Kentucky, about 150 to 200 feet south of the intersection of First and Oak Streets. First Street runs north and south and all vehicles involved in the accident were headed south on First Street. First Street is one-way south, consisting of two driving lanes and a parking lane on the east and west sides of the street. At the time of the accident, cars were apparently parked rather solidly on both the east and west sides of First Street. Appellees, Lucy Jean Pottinger, Barbara Maupin, Glena Holman and Rose Pottinger, were all passengers in the automobile operated by appellee Mary Dorothy Maupin,

which was stopped before the impact headed south on First Street in the first lane east of the center line. There is no contention on this appeal that Mary Dorothy Maupin was negligent in any respect. The appellant-Douglas' car hit the parked car, but Douglas maintained that he had stopped his car, then had just started to pull around the Maupin car when his car was struck from the rear by the automobile operated by the appellee Fritts. On the other hand, Fritts testified that he started to pass both cars in the westerly lane of the street, but Douglas simultaneously started out into that lane in order to pass the parked car which movement in turn caused Fritts to veer back into the easterly lane and ram Douglas' car from behind. All three cars were in the easterly lane after the impact. The testimony of the occupants of the Maupin car varied as to whether there were one or two impacts.

Whether Fritts was negligent, whether Douglas was negligent, whether both were negligent were the questions the jury had to decide. As heretofore stated, the driver of the parked or Maupin car was absolved of negligence for stopping her car in the easterly lane, a result accepted by the appellant. In the circumstances stated, the appellees, passengers in the Maupin car, were not negligent and were injured through the negligence of either Douglas or Fritts or both. As a consequence, the court directed a verdict for the claimants and left it to the jury to decide whether Fritts or Douglas or both were negligent, saying to the jury, "You will find a verdict for Rose Pottinger, Lucy Jean Pottinger, Barbara Maupin, Glena Holman and Mary Dorothy Maupin against Claude Douglas and Charles Fritts, or either of them as in accordance with the following instructions," and then went on to charge the jury with what it could and should do in the event it found that either Douglas or Fritts solely caused the injuries, or what it should do if it found both caused the injuries by concurring negligence. The court then told the jury how the damages could be ap-portioned between Douglas and Fritts in the instance of each claim. In an effort to simplify matters for the jury, the court submitted forms of verdict for each claimant which epitomized the rest of its instructions. For example, the court submitted the form:

"We, the Jury, find for Rose Pottinger against
"(a) Claude Douglas in the sum of $————, or
"(b) Against Charles Fritts in the sum $————, or
"(c) Against Douglas and Fritts in the sum of $————, or
"(d) Against Douglas in the sum of $————, and against Fritts in the sum of $————.

"————————————————
            Foreman"

The verdicts rendered apportioned responsibility for the damages on a 9 to 1 ratio between Douglas and Fritts.

We think the trial court was wholly justified in directing verdicts for the claimants, and that the instructions fairly and adequately apprised the jury of the law, leaving to the jury the factual determination of whose conduct was responsible for the claimants' injuries. Suffice it to say that there was evidence of a conflicting nature, and the jury was entitled to reach the conclusion it did.

The appellant asserts that it was prejudicial error for the trial court to exclude the introduction of a written statement signed by Mary Dorothy Maupin, driver of the Maupin car, in which she said, "When I stopped, the car behind me (Douglas') stopped too. I don't know how far behind me he was." As a party to the litigation, it is contended that the written statement should have been admitted as substantive evidence as an admission against interest, since in her oral testimony in court Mrs. Maupin said she could not say for sure whether Douglas' car had come to a full stop. The trial court offered to permit the

use of the conflicting statement for cross-examination to affect the credibility of the party-witness, but refused to permit the introduction of the signed transcribed statement itself as substantive evidence as permitted in Schaible v. Uhl (1961), Ky., 343 S.W.2d 578.

The statement was not an admission of any conduct on Mrs. Maupin's part which would tend to establish any liability on her part. It did inferentially support Douglas' contention that he had stopped his car before the impact. It must not be overlooked that Douglas admitted that he had moved his car a foot or two in starting to go around Mrs. Maupin's car, after the stop he claimed he made, when his car was struck from the rear by the oncoming Fritts car. It was this slight movement on the part of Douglas' car which Fritts contended caused the collision.

The material issue was not whether Douglas stopped as he contended, but whether the admitted slight movement of his car toward the passing lane was a causative factor of the accident which followed. There was no evidence on this controlling material issue in the written statement and, as a consequence, the written statement was good solely to discredit Mrs. Maupin's testimony by showing her prior inconsistent statement, and the appellant refused to use it for that purpose.

The appellant also urges that damages awarded Rose Pottinger were excessive and to some extent arose out of her nature rather than her injuries. This claimant earned about $70 a week working for the Philip Morris Company, and lost all income from the date of the accident to nearly a year later when she lost her job. The jury awarded her a verdict of $5,352.93 against appellant plus $594.77 against the appellee Fritts. The evidence discloses that Miss Pottinger suffered whiplash injuries to her back, neck and shoulders, together with severe bruises and lacerations, which caused prolonged pain. While it is true that a residual numbness in her arm may be of a psychic origin, it, nevertheless, has a nexus with her physical injuries. We do not think the damages awarded were excessive. Other points raised for reversal are not substantial.

The judgment is affirmed.