M. J. HALL, Appellant,

v.

Bertha TURNER et al., Appellees.

M. J. HALL, Appellant,

v.

Birdie HALL et al., Appellees.

M. J. HALL, Appellant,

v.

Nannie B. HALL et al., Appellees.

Court of Appeals of Kentucky.

Nov. 26, 1965.

J. L. Richardson, Jr., Louisville, for appellant.

George I. Cline, Morehead, Lloyd McDonald, William T. Walton, Flemingsburg, Thomas R. Burns, Morehead, for appellees.

MONTGOMERY, Judge.

Appeals have been perfected from a judgment entered in three actions which were tried together and involved an auto collision. Bertha Turner, Birdie Hall, and Nannie B. Hall, passengers in M. J. Hall's car, sued M. J. Hall, James Purnell, driver of the other car involved, and Jack Winters, owner of the other car. There were cross-claims by M. J. Hall against Purnell and Winters and by Purnell and Winters against M. J. Hall.

The jury found Hall, Purnell, and Winters liable and assessed 25% of the damages against Hall and 75% of the damages against Purnell and Winters. The separate recoveries were as follows: Bertha Turner, $11,501.79; Birdie Hall, $22,484.-87; and Nannie B. Hall, $22,510.18. M. J. Hall's 25% liability was $14,124.22. He appeals.

Appellant contends that: (1) Pretrial statements of Bertha Turner and Nannie Hall should have been admitted in evidence; (2) he was not guilty of any negligence; and (3) the court erred in its instructions.

The collision occurred on August 16, 1959, on Kentucky Highway 173. The road surface, weather, and visibility conditions were favorable. Appellant was driving his car, with his wife, Birdie Hall, riding on the front seat. Nannie Hall and Bertha Turner were riding on the rear seat of the Hall car on the left and right sides, respectively. Bertha and Birdie are twins. Nannie is their sister-in-law.

According to the testimony for appellant, the Hall car was traveling north in its right-hand lane around a curve to the right. Bertha Turner was the first to see the Purnell car approaching from the opposite direction when it was some three hundred feet away. She testified that it was zigzagging and traveling "pretty fast." She screamed, as did the other women.

Appellant saw the approaching car and took his foot off the accelerator but did not apply his brakes or sound his horn. He slowed his car to look for a place to pull off the road on the right side but there was an embankment. Hall said he could not see how far over to get because some bushes had grown up. The right wheels of his car were just off the pavement when the left rear of the Purnell car struck the front of the Hall car and knocked it over the embankment. All of the occupants of the Hall car sustained injuries when it went over the embankment.

 Nannie (Mrs. E. V.) Hall and Bertha Turner less than thirty days after the collision and while they were in the hospital made statements in question and

answer form. In substance, Nannie Hall and Bertha Turner said in the statements that appellant had done everything possible to avoid the collision and was not at fault. In Schaible v. Uhl, Ky., 343 S. W.2d 578, a pretrial statement made by one of two passengers was held to be admissible as an admission against interest by a party and as such, admissible as substantive evidence in a joint action against the car driver. Under the rule in Schaible v. Uhl, the pretrial statements of Nannie Hall and Bertha Turner should have been admitted, and it was reversible error to exclude them. Whether Nannie Hall and Bertha Turner, or either of them, was under the influence of narcotics at the time the statements were made was a factual issue affecting their credibility and was for the jury to determine.

Next, appellant claims that under the evidence he was not guilty of negligence and was entitled to a directed verdict. He insists that his motion for judgment n. o. v. should have been sustained. This question depends on the location of the two cars involved with reference to the center line of the road. Questions raised concerning lookout, use of brakes, and sounding of horn are not determinative and are meritless. Under the circumstances of this case, if Hall's car was in its proper traffic lane his keeping a lookout, using his brakes, or sounding his horn would not have kept Purnell's car from colliding with the Hall car, which was in Purnell's view.

The evidence introduced in behalf of the plaintiffs, Bertha Turner, Birdie Hall, and Nannie Hall; shows that appellant was not in fault. Birdie Hall and Nannie Hall on the trial said they remembered nothing that happened. Bertha Turner said the Purnell car, after zigzagging three or four times, came sideways and struck the Hall car on the Hall side of the road and that she could not complain of the appellant's driving. Clyde Johns, a state trooper who investigated the collision, said that dirt

was in Hall's lane, the left tire marks of Purnell's car were eight inches to one foot over the center line in Hall's lane, and Purnell had told him that he did not know what happened.

For appellant the substance of his testimony has been related. Two young men, Glenn Whitt and Glenn Cothern, were following in a car about 300 feet behind the Hall car. They were the first to arrive at the scene after the accident. They did not see the accident because of the curve, but Cothern heard the cars collide and saw the Hall car as it started over the embankment. Sharon Krauss, Olin Perry, Jim Elam, and Kersy Alderman arrived at the scene of the accident in the next three or four cars. They testified, in substance, the same as did Whitt and Cothern to the effect that the tire marks of Purnell's car were in Hall's traffic lane and that Hall's tire marks were in his lane and on his right shoulder of the road. They also testified to dirt and debris in the Hall lane in corroboration of appellant's testimony. Each of these witnesses was disinterested and unrelated to the parties involved.

Purnell said, "I saw this car coming, and to my ability he was on my side of the road, as far as I know; and I twisted toward the ditch trying to get out of the way and that's when the accident appeared, took place." In his best judgment his car was on its proper side. He said Hall's car "wasn't going too fast either I would say and he didn't look like he had, he hadn't lost control of his car as far as that goes, but it just happened."

Purnell further said that his car was about 100 feet from the Hall car when he first saw it and it was then "around the center line." He described the approach to the Hall car by saying that he (Purnell) was driving completely on his side of the road at 20 miles per hour, with his foot on the brake preparatory to turning into Poplar Grove Road, that he shot the gas to it, and twisted to avoid

the Hall car which, as he said, had come over the center line before the collision. He admitted that he had told Jim Elam at the time of the accident that he did not know what happened. In a pretrial statement Purnell said he saw no dirt.

Purnell's father, brother, and two other witnesses testified in his behalf. Their testimony was remote in time after many people and cars had stopped and traffic had been passing. Elmo Stigall saw a little dirt on both sides of the center line. The brother said there was too much dust and saw no skid marks. He "never paid too close attention." The father saw some dust on both sides and some skid marks on the upper side which were not identified with or related to either car. Ray Royce saw some dust on both sides of the center line and no marks except where the car went over the embankment. In a pretrial statement he said he saw one skid mark on Hall's side and saw no dirt or debris.

The evidence here conclusively establishes that appellant's car was on its proper side of the center line of the road and that appellant was not negligent. The testimony of Purnell and his witnesses is confusing, vague, remote, and in part unrelated. It was weakened by Purnell's admission that he did not know what happened and by contradictory pretrial statements. There was nothing in the testimony offered in behalf of the plaintiffs to attach any liability to appellant. Where the evidence conclusively establishes that appellant's car was on the right side of the road and such evidence destroys the evidentiary value of the weak testimony offered in behalf of the appellee appellant's motion for a judgment n. o. v. should be sustained. Thornberry v. Smith, Ky., 346 S.W.2d 727. The factual situation in the above case is similar. Appellant's motion for judgment n. o. v. should have been sustained.

It is unnecessary to discuss other contentions made.

Judgment reversed with directions to enter judgment in favor of appellant on the claims of appellees Bertha Turner, Birdie Hall, and Nannie Hall; to enter judgment in favor of appellant on his cross-claim against appellees Purnell and Winters on the issue of liability; and for a trial on the issue of damages suffered by appellant at the hands of appellees Purnell and Winters.

HILL, J., not sitting.