FILED IN
COURT OF CRIMINAL APPEALS

April 8, 2015

ABEL ACOSTA, CLERK

PD-1472-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/8/2015 2:47:23 PM
Accepted 4/8/2015 3:23:17 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS AT AUSTIN

## No. PD-1472-14

## RICHARD LEE RABB, Appellant

### v.

## THE STATE OF TEXAS, Appellee

## APPELLANT'S REPLY BRIEF

Respectfully submitted,

**THE LAW OFFICES OF GREG GRAY**
1012 Ridge Road
Rockwall, Texas 75087
(972) 771-5525
(972) 772-7780 FAX

_____
Greg Gray
SBN: 00787585

## NAMES OF THE PARTIES TO THE TRIAL COURT JUDGMENT

Pursuant to T.R.A.P. 38.2(a)(1)(A), Appellant does not list the parties as there is no necessity to correct the State's list.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES…………………………………………………………………… iii

STATEMENT REGARDING ORAL ARGUMENT…………………………………………….. 1

STATEMENT OF THE CASE…………………………………………………………………. 1

ISSUES PRESENTED…………………………………………………………………………. 1

> **I.**    **Contrary to the State's position, "Attempt" is not always found when a guilty verdict on the completed offense is rendered.**
>
> **II.**    **Based on the indictment in this case which alleges intentionally and knowingly, there is no proof of specific intent to destroy the baggie.**
>
> **III.**    **Remedy is Judgment of Acquittal. Remand is unconstitutional and the State waived the remedy, if it were a remedy.**
>
> **IV.**    **The State's Prayer asks for this Court to affirm the conviction, which is not an available remedy.**

STATEMENT OF FACTS …………………………………………………………............... 1

SUMMARY OF THE ARGUMENT …………………………………………………….…..... 1

ARGUMENT ……………………………………………………………………………....… 2

PRAYER FOR RELIEF ……………………………………………………………….…..… 6

CERTIFICATE OF COMPLIANCE …………………………………………………..…… 7

CERTIFICATE OF SERVICE ………………………………………………………….….... 7

# INDEX OF AUTHORITIES

*Britain v. State,* 412 S.W.3d 518, 521 (Tex.Crim.App.2013)..………………………………… 2, 3

*Rabb v. State*, 434 S.W.3d 61, 620 (Tex.Crim.App.2014)………………………………… 2, 4, 5

 *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex.Crim.App.2003)………………………………… 5

*Thornton v. State*, 425 S.W.3d 289 (Tex.Crim.App.2014)……………………………… 1, 2, 3, 6

*Wasylina v. State*, 275 S.W.2d 908, 910 (Tex.Crim.App. 2009) ………………………………... 4

**Statutes**

T.R.A.P. 38(j)……………………………………………………………………………….. 6

T.R.A.P. 38.2(a)(1)(A)…………………………………………………………………….… i

T.R.A.P. 38.2(a)(1)(B)…………………………………………………………………….… 1

**Constitutional Provisions**

Fifth Amendment of the United States Constitution …………………………………………... 5

Article I, Section 14 of the Texas Constitution…………………………………………….…... 5

## STATEMENT REGARDING ORAL ARGUMENT

The Court did not grant oral argument.

## STATEMENT OF THE CASE

Pursuant to T.R.A.P. 38.2(a)(1)(B), Appellant does not set forth a Statement of the Case as there is no material change.

## ISSUES PRESENTED

**I.** **Contrary to the State's position, "Attempt" is not always found when a guilty verdict on the completed offense is rendered.**

**II.** **Based on the indictment in this case which alleges intentionally and knowingly, there is no proof of specific intent to destroy the baggie.**

**III.** **Remedy is Judgment of Acquittal. Remand is unconstitutional and the State waived the remedy, if it were a remedy.**

**IV.** **The State's Prayer asks for this Court to affirm the conviction, which is not an available remedy.**

## STATEMENT OF FACTS

Pursuant to T.R.A.P. 38.2(a)(1)(B), Appellant does not set forth a Statement of Facts as there is no material change.

## SUMMARY OF THE ARGUMENT

To suggest that the legislature has determined that criminal attempt is always a lesser offense of the completed offense is counter-intuitive to this Court's holding in *Thornton v. State,* 425 S.W.3d 289 (Tex.Crim.App.2014), and overlooks the fact that the State's indictment as worded in this case, does not permit a reviewing court to speculate that the fact finder necessarily found Appellant guilty of the lesser included offense of attempted tampering.

- 1 -

## ARGUMENT

The crux of this case lies in the indictment. It is what distinguishes this case from most other cases that have considered the issues herein. The State only alleged that the defendant "destroyed" the evidence, and failed to allege that he concealed or altered the evidence. In *Rabb I* and *Rabb II,* the State, in an attempt to correct the error of its indictment, attempted to have the underlying court of appeals and this Court "dove-tail" the terms "destroy" and "conceal". The court of appeals refused to do this, as did this Court, holding that "destroy" and "conceal" have two different meanings.

This Court held that the evidence was insufficient to prove beyond a reasonable doubt that Appellant destroyed the baggie and/or pills. It remanded to the court of appeals *for the sole purpose* to consider the questions set forth in *Thornton v. State,* 425 S.W.3d 289 (Tex.Crim.App.2014):

> "…this court must answer two questions: 1) in the course of convicting the appellant of the greater offense, must the fact finder have necessarily found every element necessary to convict the appellant for the lesser included offense; and 2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of a lesser included offense at trial, is there sufficient evidence to support a conviction for that offense?, If the answer to either of these questions is "no", this court is not authorized to reform the judgment."

*Rabb v. State,* 434 S.W.3d 61, 620 (Tex.Crim.App.2014).

Contrary to the State's position in its brief, this Court has held that an appellate court should not render a judgment of conviction for a lesser-included offense unless there is proof beyond a reasonable doubt of all elements of the lesser included offense." *Thornton v. State*, 425 S.W.3d at 299, *citing Britain v. State,* 412 S.W.3d 518, 521 (Tex.Crim.App.2013). The error that led to the conviction of the greater offense can lead to the an erroneous finding of guilt on the lesser offense if the reviewing court automatically reforms a judgment to reflect a finding of

guilt on the lesser included without reviewing the sufficiency of the evidence. *Britain v. State,* 412 S.W.3d at 522. "It was in view of this consideration that we said 'while *Bowen* held that a court of appeals *may* reform a judgment, to a lesser-included offense, we have not held, and do not (under these circumstances) hold that the court of appeals *must* do so." *Thornton v. State*, 425 S.W.3d at 299, foot note 55, *citing Britain v. State*, 412, S.W.3d at 521.

**I.      Contrary to the State's position, "Attempt" is not always found when a guilty verdict on the completed offense is rendered.**

The State, in an attempt to distance itself from the underlying indictment and the fact that under a *Thornton* analysis there is no legal reason to reform the judgment in this case, makes the blanket statement that attempt is *always* found when a guilty verdict on the greater offense is rendered. However, as discussed *supra* and reasoned by this Court in *Britain,* the error that occurred in rendering the guilty verdict may also occur if the judgment is reformed to the lesser included offense. Hence the need to evaluate the evidence with the test set forth in *Thornton. Thornton v. State,* 425 S.W.3d at 299-300. As the *Thornton* Court stated: "…courts of appeals should limit the use of judgment reform to those circumstances when what is sought is a conviction for a lesser offense whose commission can be established from the facts the jury actually found. To do otherwise would be to usurp the jury's institutional function in the criminal justice system – to determine the facts." *Id.*

This is especially true in reforming a judgment to a criminal attempt conviction. Judge Alcala in her dissenting opinion stated reforming a charge to criminal attempt does not fit within the rationale of judgment reformation because an appellate court must defer to the "jury's institutional role as fact finder" and only reform a judgment when it is clear that the fact finder found the defendant guilty of the lesser included offense. *Id.* at 315 (dissenting opinion).

- 3 -

In support of its position, the State cites *Wasylina v. State*, 275 S.W.2d 908, 910 (Tex.Crim.App. 2009). In that case, this Court held that it was not error to submit a lesser included charge to the jury because the defendant would be on notice of the lesser included charge through the charging instrument. The issue was what is a lesser included offense more so than the proof required to convict of the lesser included. That is a far cry from the State's position that guilt of the greater offense *ipso facto* is guilt of the lesser included. This Court did not remand this case to determine whether attempted tampering is a lesser included offense of tampering. The issue is, since the State did not prove their tampering charge as worded in the indictment, did they prove the lesser included charge of attempted tampering *by destruction.*

**II.     Based on the indictment in this case which alleges intentionally and knowingly, there is no proof of specific intent to destroy the baggie.**

Once again, in an attempt to throw a blanket over its mistake in only alleging "destroyed" in the indictment, the State argues that if criminal attempt does not apply to all offenses, it does to all offenses requiring specific intent. Its five page argument can be condensed to the following statement: if the trial court found beyond a reasonable doubt that Appellant destroyed the baggie with intent to impair its availability as evidence, then it found Appellant guilty of attempted tampering with evidence, regardless of what criminal act was used to do so. In other words, if it is a specific intent crime, due process requirements of proving each element alleged no longer apply when considering a lesser included. This is a slippery slope to approach.

As Judge Cochran's concurring opinion "simply pointed out", the State lost this conviction because of its Indictment. *Rabb v. State*, 434 S.W.3d at 619. The legislature set forth three ways tampering can be proven, and the State only pled one. The State is required by the due process guarantee to prove beyond a reasonable doubt every element of the offense alleged. *Rabb v. State*, 434 S.W.3d at 616, citing *Swearingen v. State*, 101 S.W.3d 89, 95

(Tex.Crim.App.2003). Therefore, contrary to the State's position, the evidence must be sufficient to prove that Appellant had the specific intent to attempt to destroy the evidence. For reasons stated by this Court in *Rabb II* and the court of appeals in *Rabb III,* the State's evidence as to the element of destroyed was insufficient.

The court of appeals held that the State did not prove the lesser included offense under the second element and it refused to reform the judgment. Based on the record in this case and the Indictment, this Court should affirm the court of appeals.

**III.      Remedy is Judgment of Acquittal.  Remand is unconstitutional and the State waived the remedy, if it were a remedy.**

This case has been fought in the court of appeals and this Court for the last several years. Both Courts have held that the State was basically deficient in drafting its indictment and therefore due process requires acquittal. The State now asks this Court to reform the judgment. To do so based on the State's points of error basically results in a reformation of the indictment, after the case has been tried to the trial court. This would be a violation of Appellant's due process rights under the facts and circumstances, and the record of this case.

The State also asks the Court to take the unusual step in remanding the case only as to the lesser included offense if it is determined that the trial court did not find the lesser included offense. This screams of double jeopardy, especially based on the state of the record in this case. This would be a violation of Appellant's Due Process rights under the Fifth Amendment of the United States Constitution and Article I, Section 14 of the Texas Constitution. The State fails to cite any controlling authority for its position that trampling on the Appellant's Due Process rights is a proper remedy in this case.

This Court remanded to the court of appeals for one reason, analyze the record in light of *Thornton* to decide whether reformation of the judgment was proper. Remand was never an issue in *Rabb II* or *Rabb III.* As such the State has waived this remedy, if it were even thinkable.

**IV.     The State's Prayer asks for this Court to affirm the conviction, which is not an available remedy.**

Pursuant to T.R.A.P. 38(j), the State's brief must clearly state the relief sought. In its Prayer it asks the Court to reverse the court of appeals judgment and affirm the conviction. It does not ask for the judgment to be reformed or the case to be remanded. This Court and the court of appeals already ruled that the evidence was legally insufficient to convict Appellant. That relief is no longer available to the State. Relief not requested in the Prayer is waived. T.R.A.P. 38(j).

## PRAYER FOR RELIEF

WHEREFORE, Appellant prays that the Court of Criminal Appeals overrules the State's points of error, affirms the Court of Appeals, and enters a Judgment of Acquittal in favor of Appellant.

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that according to Microsoft Word word count tool this document contains 2,137 words.

_____
Greg Gray

**CERTIFICATE OF SERVICE**

I, Greg Gray, hereby certify that a true and correct copy of Appellant's Reply Brief has been electronically served on opposing counsel on this the 8th day of April, 2015.

_____
Greg Gray